**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| HEWLETT PACKARD ENTERPRISE COMPANY<br>Plaintiff<br>v.<br>INSPUR GROUP CO., LTD., et al.<br>Defendants | CASE NO. 4:24-CV-02220-JST<br><br>**DECLARATION OF BENYI XU IN SUPPORT OF DEFENDANT INSPUR GROUP CO., LTD.'S MOTION TO DISMISS** |

I, Benyi Xu, hereby declare and state:

1. I am Deputy Manager of Inspur Group Co., Ltd. ("Inspur Group") Legal Department. I have been employed by Inspur Group since April 2019. Except as stated otherwise, I have knowledge of the facts contained in this declaration. If called as a witness, I am prepared to testify to these facts under oath.

2. Inspur Group is a company organized under the laws of China, having a principal place of business at 1036 Langchao Rd., City of Jinan, Shandong Province, China.

3. Inspur Group has not been incorporated in California or anywhere else in the United States.

4. Inspur Group has not been registered to do business in California or anywhere else in the United States.

5. Inspur Group has not had a registered agent for service of process in California or anywhere else in the United States.

6. Inspur Group has not had a physical location in California or anywhere else in the United States and has not owned or leased any property in the United States.

7. Inspur Group has not had a telephone number in California or anywhere else in the United States.

8. Inspur Group has not had any employees or contractors in California or anywhere else in the United States.

9. Inspur Group has not owned any property or physical assets in California or anywhere else in the United States.

10. Inspur Group has not maintained any computer servers in California or anywhere else in the United States.

11. Inspur Group has not conducted or solicited business in California or anywhere else in the United States, including advertising for the sale of products.

12. Inspur Group maintains a website at www.inspur.com. The website has not provided a means for customers in the United States to order or purchase products. Inspur Group has not conducted any television, radio, signage, newspaper, magazine, or any other advertisement of products or services in California or the United States.

13. Inspur Group has not designed, developed, used, manufactured, sold, offered for sale, or imported any of the products identified in HPE's infringement contentions and exhibits to those contentions (the "Accused Products") (contentions attached as Ex. A).

14. Inspur Group has not filed a lawsuit in California, or anywhere else in the United States, and had not been sued in California before this lawsuit.

15. Inspur Group has operated its business independently of Inspur Electronic Information Industry Co., Ltd. (IEIT), Aivres Systems Inc., Betapex Inc., KAYTUS Singapore Pte. Ltd., and Inspur USA Inc. (collectively the "other Defendants"). Inspur Group has had no decision-making authority over the day-to-day business or marketing of the Accused Products of the other Defendants.

16. Inspur Group has not shared a physical office with the other Defendants or employed any individuals working for Defendants.

17. The other Defendants have not been shareholders of Inspur Group.

18. Inspur Group does not appoint any managers or directors for any of the other Defendants.

19. Inspur Group has not been owned by any shareholder that is also a shareholder of one or more of the other Defendants.

20. Inspur Group has not directly or indirectly proposed or caused the sale of any of the Accused Products into the United States.

21. Inspur Group has not authorized any sellers or sales representatives for any of the Accused Products in California or anywhere else in the United States.

22. Inspur Group has not imported any products, including the Accused Products, into the United States.

23. Inspur Group has not exported any products, including the Accused Products.

24. Inspur Group has not used, manufactured, sold, offered to sell any of the Accused Products in, or shipped any of the Accused Products to, California or anywhere else in the United States.

25. Inspur Group has not, alone or with the aid of another (including the other Defendants), placed any Accused Product into the stream of commerce in California or anywhere else in the United States.

26. Inspur Group is the registered owner of three U.S. trademarks, but they are all for same mark, "Inspur" (the "Trademark"). Other Defendants may license the Trademark from Inspur Group, but Inspur Group does not charge or collect payment for any Trademark license and does not control the business of the other Defendants. None of the Trademark licenses are exclusive. None of the Trademark licenses include Inspur Group sharing the right to litigate infringement cases with its licensees or controlling the licensee's sales.

27. Inspur Group has not received any revenue from any sale of any Accused Products anywhere in the world.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 26th day of August, 2024 in the City of Jinan, Shandong Province, China.

BENYI XU