Edgar H. Haug
Robert E. Colletti
HAUG PARTNERS LLP
745 Fifth Avenue, New York, NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500
Email: EHaug@haugpartners.com
Email: RColletti@haugpartners.com

Sasha G. Rao (SBN 244303)
Brandon H. Stroy (SBN 289090)
Nixon Peabody LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel: 415-984-8200
Email: srao@nixonpeabody.com
Email: bstroy@nixonpeabody.com

*Attorneys for Defendant KAYTUS SYSTEMS PTE. LTD.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

HEWLETT PACKARD ENTERPRISE COMPANY, a Delaware corporation,

Plaintiff,

v.

INSPUR GROUP CO., LTD., a Chinese Corporation; INSPUR ELECTRONIC INFORMATION INDUSTRY COMPANY, LTD., a Chinese Company; AIVRES SYSTEMS INC., f/k/a INSPUR SYSTEMS, INC., a California corporation; BETAPEX INC., f/k/a INSPUR ASSET HOLDINGS, INC., a California corporation; INSPUR USA INC., a Washington corporation; and KAYTUS SINGAPORE PTE. LTD., a Singapore company,

Defendants.

Case No. 4:24-cv-02220-JST

**BRIEF IN SUPPORT OF DEFENDANT KAYTUS SYSTEMS PTE. LTD'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION**

Date: October 17, 2024
Time: 2:00 PM
Place: Courtroom 6, 2nd Floor
Judge: The Honorable Jon S. Tigar

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on October 17, 2024, at 2:00 p.m. in Courtroom 6, located on the 2nd Floor of the above-entitled court at 1301 Clay Street, Oakland, California, or as soon thereafter as the matter may be heard before Honorable Jon S. Tigar, Defendant Kaytus Systems PTE. LTD. ("KS") will and hereby does move to dismiss under Fed. R. Civ. P. 12(b)(6) for lack of personal jurisdiction, because KS does not have sufficient contacts with this district to warrant either specific or general jurisdiction.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the attached Declaration of Robert E. Colletti; the attached Declaration of Bin Chen, the [Proposed] Order filed concurrently herewith, all other papers or pleadings in this action, evidence and argument that the parties may present before or at the hearing on this matter, and any other matters of which this Court may take judicial notice.

Additionally, KS hereby joins in the Motion to Dismiss filed by Defendants Aivres Systems Inc. and Betapex Inc. under Fed. R. Civ. P. Rule 12(b)(6), to dismiss the Second and Fourth Causes of Action, because the claims of U.S. Patent Nos. 7,634,671 and 8,335,891 are patent ineligible under 35 U.S.C. § 101. (ECF No. 54). KS agrees with the arguments as outlined by the moving parties, and adopts the existing briefing (ECF Nos. 54 and 71) in its entirety.

## TABLE OF CONTENTS


I. INTRODUCTION .... 1

II. STATEMENT OF THE ISSUE .... 1

III. FACTUAL BACKGROUND .... 1

A. KS is a Singapore Company with No Presence in California .... 2

B. Plaintiff's Misleading Factual Allegations .... 2

1. KS Has No Place of Business in California .... 2

2. KS Has Not Sold Accused Products in This District .... 3

IV. Legal Standard .... 5

V. ARGUMENT .... 6

A. The Court lacks Specific Personal Jurisdiction over KS .... 6

1. KS Has Not Purposefully Directed its Activities at this Forum .... 6

2. Plaintiff's Patent Infringement Claim Does Not Arise Out of Or Relate to KS Activities in California .... 8

3. Finding Personal Jurisdiction Would Violate Notions of Fair Place and Substantial Justice .... 9

B. The Court Does Not Have General Jurisdiction over KS .... 10

C. Aivres Activities Are Not Attributable to KS .... 11

VI. CONCLUSION .... 12

## TABLE OF AUTHORITIES

**Cases**

*Akro Corp. v. Luker*,
45 F.3d 1541 (Fed. Cir. 1995) .......... 6

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
551 F.2d 784 (9th Cir. 1977) .......... 6

*ASM Assembly Sys. Switz. GmbH v. QTS Eng'g*,
No. 15CV714, 2016 U.S. Dist. LEXIS 7720 (S.D. Cal. Jan. 22, 2016) .......... 8, 9

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) .......... 6, 9

*Columbia Sportswear N. Am., Inc. v. Ventex Co.*,
No. 3:17-cv-623-SI, 2019 U.S. Dist. LEXIS 168055 (D. Or. Sept. 30, 2019) .......... 5

*Core-Vent Corp. v. Nobel Indus. AB*,
11 F.3d 1482 (9th Cir. 1993) .......... 9

*Costa v. Keppel Singmarine Dockyard PTE, Ltd.*,
No. CV 01-11015 MMM, 2003 U.S. Dist. LEXIS 16295 (C.D. Cal. April 24, 2003) .......... 11

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) .......... 10, 11

*Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*,
297 F.3d 1343 (Fed. Cir. 2002) .......... 5

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) .......... 6, 11

*Eco Pro Painting, LLC v. Sherwin-Williams Co.*,
807 F. Supp. 2d 732 (N.D. Ill. 2011) .......... 9

*FDIC v. British-American Ins. Co.*,
828 F.2d 1439 (9th Cir. 1987) .......... 10

*Ferrigno v. Philips Elecs. N. Am. Corp.*,
No. C-09- 03085 RMW, 2010 WL 2219975 (N.D. Cal. June 1, 2010) .......... 11

*Grober v. Mako Prod., Inc.*,
686 F.3d 1335 (Fed. Cir. 2012) .......... 5

*Hanson v. Denkckla*,
357 U.S. 235 (1958) .......... 6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ........ 5, 10

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*,
485 F.3d 450 (9th Cir. 2007) ........ 11

*In re Boon Glob., Ltd.*,
923 F.3d 643 (9th Cir. 2019) ........ 11

*Inamed Corp. v. Kuzmak*,
249 F.3d 1356 (Fed. Cir. 2001) ........ 6

*Int'l Shoe Co. v. Wash.*,
326 U.S. 310 (1945) ........ 5, 9

*Kinetics Noise Control, Inc. v. ECORE Int'l, Inc.*,
No. CV 10-7902 PSG, 2011 U.S. Dist. LEXIS 164284 (C.D. Cal. Jan. 12, 2011) ........ 8

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) ........ 5, 7, 9, 10

*Ranza v. Nike*,
793 F.3d 1059 (9th Cir. 2015) ........ 5

*Rio Properties, Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2000) ........ 7

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ........ 6

*Sinclair v. StudioCanal, S.A.*,
709 F. Supp. 2d 496 (E.D. La. 2010) ........ 9

*United States v. First National City Bank*,
379 U.S. 378 (1965) ........ 10

*Watson v. Societe Nationale Industrielle Aerospatiale*,
225 F. App'x 716 (9th Cir. 2007) ........ 11

*Williams v. Yamaha Motor Co.*,
851 F.3d 1015 (9th Cir. 2017) ........ 6

**Rules**

Cal. Code Civ. Proc. § 410.10 ........ 5

Fed. R. Civ. P. 12(b)(2) ........ 5

## I. INTRODUCTION

KAYTUS SYSTEMS PTE. LTD. ("KS") is a small foreign company with insufficient contacts to establish personal jurisdiction in this Court.[1] KS has no offices, employees, or sales in California. KS is not registered to do business in California, and does not pay California taxes. Moreover, KS neither manufactures or imports the accused products into the United States.

KS's only connections to the accused products are indirect: it shares a parent company with co-defendant Aivres Systems Inc. ("Aivres") and licenses the use of its trademark to Aivres. However, KS does not direct or control the activities of Aivres, either as a corporate sibling or as a trademark licensor, and hence, KS is not subject to personal jurisdiction based on Aivres' actions.

Plaintiff, lacking specific knowledge about the defendants, broadly groups them together alleging, without support, that each defendant is responsible for the activities of every other. Plaintiff makes no effort to distinguish between the defendants, collectively alleging wrongdoing by the "Inspur Defendants" in each of the causes of action. However, because Plaintiff has not pled facts justifying its disregard of the parties separate corporate identities, the Court must assess personal jurisdiction over KS independently. For the reasons discussed below, the Court lacks personal jurisdiction over KS, and should dismiss KS from this action.

## II. STATEMENT OF THE ISSUE

Whether the Complaint should be dismissed for lack of personal jurisdiction (both general and specific) because KS is a foreign entity established under the laws of Singapore, with no physical presence or employees in California, and no sales of accused products in the state.

## III. FACTUAL BACKGROUND

Plaintiff filed a complaint on April 15, 2024 against six legally distinct companies that Plaintiff refers to generally as the "Inspur Defendants." Complaint at 3. The Complaint alleges that the Inspur Defendants are "a group of related companies comprising Inspur Group and its related entities." Complaint at ¶ 2. In fact, KS is a distinct legal entity operating independently from the other defendants, including Inspur Group Co., Ltd., Inspur Electronic Information

[1] KS changed its name from KAYTUS SINGAPORE PTE. LTD. to KAYTUS SYSTEMS PTE. LTD on November 15, 2023.

Industry Co., Ltd., or Inspur USA Inc. Declaration of Bin Chen at ¶¶ 12-13 ("Dec"). Further, while KS and defendant Aivres Systems Inc. do share a common parent company, KS does not direct or control the actions of Aivres. Dec. at ¶ 13.

**A. KS is a Singapore Company with No Presence in California**

KS is a Singapore Company with a principal place of business at 150 Beach Rd., #14-05/08, Gateway West, Singapore 189720. Complaint at ¶ 14; Dec. at ¶ 5. KS has no physical locations outside of Singapore, has never owned or leased property in California, and is not registered to do business in California. Dec. at ¶¶ 7, 9. KS does not pay taxes in California. Dec. at ¶ 9. KS has no employees, officers, or directors anywhere in the United States. Dec. at ¶ 8.

KS does not manufacture the products accused of infringement in the Complaint in the United States. Dec. at ¶ 16. KS does not sell or offer to sell any of the products accused of infringement in the Complaint into the United States. Dec. at ¶ 15. KS does not import the products accused of infringement into the United States. Dec. at ¶ 17.

The only connection KS has to any accused products is as a trademark licensee. Dec. at ¶ 14. KS licenses its trademark globally to defendant Aivres, who manufactures products using the brand name KAYTUS. *See Id.*

KS operates a general purpose website, which is generally accessible from internet-accessible devices. Dec. at ¶ 18. Although the website contains information about certain of the accused products, KS does not sell products directly from its website to residents of the United States. Dec. at ¶ 19. Nothing on the KS website is targeted at the state of California. *Id.* KS does not derive income from business conducted in the State of California. Dec. at ¶ 20.

**B. Plaintiff's Misleading Factual Allegations**

**1. KS Has No Place of Business in California**

The Complaint alleges that KS "has a regular and established place of business in this judicial district from which it sells Accused Products." Complaint at ¶ 73. Yet, the Complaint does not identify any current business location or address for KS in the United States. Instead, the Complaint references an archived copy of the KS website (from the Internet Archives in 2023), listing "Aivres Systems Inc." as the North American Contact for KS. Complaint at ¶¶ 46, 65, 74.

The archived website lists the principal place of business for KS as Singapore, and goes on to list expandable columns covering various regions, including Asia-Pacific, Middle East & Turkey, Europe and North America. Under every one of the expandable columns, except for North America, the archived website lists detailed contact information for KS in the form of telephone numbers and/or email addresses for both "Sales Inquiries" and "Technical Support" purposes. *See* Exhibits A-E.

In contrast, under North America, KS did not provide any sales Inquiries or Technical Support contact information, but merely listed Aivres name and a California address identified as belonging to Defendant Aivres. *See* excerpt from Exhibit E, below. Indeed, KS has no place of business anywhere in California, and does not do business at the address listed in the Complaint (1501 McCarthy Boulevard in Milpitas, California). Dec. at ¶¶ 6-7.




### 2. KS Has Not Sold Accused Products in This District

KS does not sell products in this District, either alone, or with Aivres. Dec. at ¶¶ 14-15. Aivres manufactures its own products, some bearing the KAYTUS brand pursuant to a trademark license. Dec. at ¶ 14. The Complaint's allegation that KS "sells Accused Products in the United States through or in concert with Defendant Aivres" (Complaint at ¶ 74) is incorrect.

The Complaint also alleges that KS "has also participated in trade shows in this judicial

district where, on information and believe, it sold, offered for sale, and/or instructed customers on the use of Accused Products." Complaint at ¶75. This claim is based on a single event: the 2023 OCP Global Summit, held in San Jose, California, on October 17-19, 2023. Complaint at ¶75. The Complaint alleges that KS presented at this trade show. Yet the evidence cited in support shows that Aivres, not KS, attended and presented at this summit.

Plaintiff cites two YouTube videos posted by the sponsor, OCP.[2,3] Complaint at ¶ 75. The first video shows John Leung, an Aivres employee, introducing himself as representing Aivres. The following image is a screen capture from the YouTube video, showing the prominent Aivres branding accompanying the presentation. *See* Exhibit F, reproduced below. In the video, Mr. Leung speaks briefly, before introducing a speaker from an unrelated company called EdgeCloudLink, which is not accused of infringement in the Complaint. At no point does Mr. Leung attempt to sell any products, either on behalf of Aivres or any other entity.




The second video features Alan Chang, who introduces himself as "Alan, representing Aivres." The following image is a screen capture from the YouTube video, again showing the prominent Aivres branding accompanying the presentation. *See* Exhibit G, reproduced below. At no point does Mr. Chang attempt to sell any products, on behalf of Aivres or any other entity.

[2] https://www.youtube.com/watch?v=dAgPoCKjjOw
[3] https://www.youtube.com/watch?v=PdKuV_3H6eE&t=18s




## IV. LEGAL STANDARD

A federal court may dismiss an action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006); *see also* Cal. Code Civ. Proc. § 410.10. To comport with due process, Plaintiff must show that KS has at least "certain minimum contacts with [California] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Personal jurisdiction can be established under one of two theories: specific or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

Federal Circuit law governs the issue of personal jurisdiction concerning patent-related claims. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002). "The general standards governing personal jurisdiction in the Ninth and Federal Circuits, however, are virtually identical." *Columbia Sportswear N. Am., Inc. v. Ventex Co.*, No. 3:17-cv-623-SI, 2019 U.S. Dist. LEXIS 168055, at *2 (D. Or. Sept. 30, 2019).

Plaintiff "bears the burden of establishing that [personal] jurisdiction is proper." *Ranza v. Nike*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citation omitted); *see also Grober v. Mako Prod., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012). To determine whether specific personal jurisdiction exists, the Court must consider three factors: "(1) whether the defendant 'purposefully directed' its

activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)).

The parties may submit, and the court may consider, declarations and other evidence outside the pleadings in determining whether it has personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), abrogated on other grounds as recognized in *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017). Plaintiff may not "simply rest on the bare allegations of its complaint," and must "make a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted); *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) (obligating Plaintiffs to "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.").

## V. ARGUMENT

### A. The Court lacks Specific Personal Jurisdiction over KS

The Court does not have specific personal jurisdiction over KS because: i) KS has not "purposefully directed" any of its activities at residents of the Northern District of California; ii) Plaintiff's claims for patent infringement do not arise out of what few contacts KS may have with the district; and iii) an assertion of personal jurisdiction against KS would be neither reasonable nor fair.

#### 1. KS Has Not Purposefully Directed its Activities at this Forum

Specific personal jurisdiction requires a purposeful direction of activities at California, meaning that KS has taken "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State."

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denkckla*, 357 U.S. 235, 253 (1958)). Plaintiff attempts to establish personal jurisdiction by alleging: i) that KS has a regular and established place of business in the district, and ii) that KS has sold Accused Products in this district by attending trade shows. Both of these allegations are unsupported by any verifiable facts, and are patently untrue.

**KS Does Not Maintain a Place of Business in California**

First, Plaintiff alleges that the "Court has personal jurisdiction over Defendant KAYTUS because Defendant KAYTUS has a regular and established place of business in this judicial district from which it sells Accused Products that infringe the HPE Asserted Patents." Complaint at ¶ 73. But contrary to this assertion, the only business address listed for KS in the Complaint is a Singapore address. Complaint at ¶14. KS has no business address in California, or anywhere else in the United States. Dec. at ¶¶ 6, 8.

The Complaint attempts to link KS to an address in California by means of an archived Internet website.[4] Assuming arguendo, the veracity of the link in the Complaint, the KS website listed "Aivres Systems Inc." as its "North America" contact. This "evidence," at most, identifies *Aivres* as a contact for inquiries originated in North America. *See* Exhibit E.

In contrast to the North American listing for Aivres, the expandable information from the archived Internet website clearly identify KS contact information for sales inquiries and technical support for the other regions in the world. *See* Exhibits A-D. The omission of this information only for the North American market demonstrates that KS actively chooses not to solicit sales of offer support to residents of North America.

Plaintiff may also attempt to argue that KS should be subject to personal jurisdiction because it operates a website accessible from this district. But in the Ninth Circuit, a defendant who maintains a "passive website" and does nothing "to encourage residents of the forum state" to access the website will not be subject to personal jurisdiction on that basis. *Pebble Beach*, 453 F.3d at 1157 (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2000)).

**KS Does Not Sell Accused Products in California**

Second, Plaintiff alleges that KS "sells Accused Products in the United States through or in concert with Defendant Aivres, which 'is the sole provider of KAYTUS products and solutions in the US." Complaint at ¶ 74. While KS does not dispute that Aivres licenses the KS trademark, there is no conspiracy here. Plaintiff's own Complaint acknowledges that, Aivres—not KS—is

[4] Citing: https://web.archive.org/web/20231204152754/https:/www.kaytus.com/about/contact/index.html

the entity responsible for selling products in the United States. Complaint at ¶ 74. KS is merely a trademark licensor. Despite vague claims that KS and Aivres work "in concert," the Complaint does not allege that KS sells any Accused Products in the United States, nor does it identify any KS sales channels or evidence of anyone in this District actually purchasing an accused product from KS.

Plaintiff also suggests that KS must have "sold, offered for sale, and/or instructed customers on the use of Accused Products" because it allegedly attended a trade show in California. Complaint at ¶ 75. But once again, the purported evidence cited in the Complaint, two YouTube videos from the 2023 OCP Global Summit in San Jose, California, is actually attributable to Aivres, not KS. Complaint at ¶ 75. The speakers in these videos identify themselves as employees of Aivres, and prominently display presentations with the Aivres branding and logo. *See* Complaint at ¶ 75; *see* Exhibits F-G. The presentations were purely informational and discussed technology trends in the industry without any products being sold or offered for sale.

Even if, contrary to the evidence cited in the Complaint, KS did attend the 2023 OCP Global Summit, a single appearance at a trade show does not constitute "purposefully direct[ing] its activities" at California residents, and thus does not create personal jurisdiction. *ASM Assembly Sys. Switz. GmbH v. QTS Eng'g*, No. 15CV714, 2016 U.S. Dist. LEXIS 7720, at *5 (S.D. Cal. Jan. 22, 2016); *see also Kinetics Noise Control, Inc. v. ECORE Int'l, Inc.*, No. CV 10-7902 PSG, 2011 U.S. Dist. LEXIS 164284, at *12 (C.D. Cal. Jan. 12, 2011) ("the fact that Defendant's employees attended trade shows does not establish this Court's personal jurisdiction over Defendant.").

**2. Plaintiff's Patent Infringement Claim Does Not Arise Out of Or Relate to KS Activities in California**

Activities that could give rise to patent infringement include making, using, offering for sale, selling, and importing accused products into the Northern District of California. *See* Complaint at ¶ 15. KS does not engage in any of those activities. The California activities attributed to KS in the Complaint (namely, operating a website and attending a trade show) do not relate to Plaintiff's patent infringement claim. With respect to the trade show, Plaintiff alleges that KS "discussed the Accused Products and gave instructions for their use." Complaint at ¶ 75.

However, as demonstrated above, the presentations cited in the complaint were delivered by Aivres, not KS, and no infringing activities took place during these presentations. Similarly, there is no allegation that the KS website infringes any of Plaintiff's patent rights. Finally, the mere existence of a licensor-licensee relationship, without more, is "insufficient to impute the contacts of a licensee on the licensor for the purpose of establishing personal jurisdiction." *Eco Pro Painting, LLC v. Sherwin-Williams Co.*, 807 F. Supp. 2d 732, 736-37 (N.D. Ill. 2011) (citing *Sinclair v. StudioCanal, S.A.*, 709 F. Supp. 2d 496, 510 n.8 (E.D. La. 2010)).

**3. Finding Personal Jurisdiction Would Violate Notions of Fair Place and Substantial Justice**

Even if Plaintiff could show sufficient contacts for specific jurisdiction in California (it cannot), exercising personal jurisdiction here would not "comport with 'fair play and substantial justice.'" *Burger King Corp.*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). The evaluation of "fair play and substantial justice" involves seven factors:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). No single factor is dispositive; a court must balance all seven factors. *Id.* at 1488. Here, the factors weigh heavily against subjecting KS to jurisdiction in California.

**Purposeful Interjection**: The alleged contact with California, amounting to a single purported appearance at a trade show and operation of a passive website, does not rise to the level of purposeful interjection. *See ASM Assembly*, 2016 U.S. Dist. LEXIS 7720 at *5 ("It would not be reasonable and fair to require a [foreign company] with no connection to California, other than a single appearance at an international trade show, to defend itself in California."); *see also Pebble*

*Beach*, 453 F.3d at 1157. This factor weighs heavily in favor of KS.

**The Burden on the Defendant**: It is highly burdensome on KS to "traverse the distance" between its headquarters in Singapore and the Northern District of California, and to traverse "a foreign nation's judicial system." *Asahi Metal Indus.*, 480 U.S. 102, 114 (1987). Indeed, the "unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id*. This factor weighs heavily in favor of KS.

**Sovereignty Concerns**: The Supreme Court has cautioned against extending state long arm statutes in an international context: "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi*, 107 S. Ct. at 1034 (quoting *United States v. First National City Bank*, 379 U.S. 378, 404 (1965) (Harlan, J., dissenting)). In the Ninth Circuit, litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a domestic defendant because important sovereignty concerns exist. *FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1444 (9th Cir. 1987).

**Forum Considerations**: These factors are neutral. Admittedly, no more efficient judicial forum or alternative forums exist, because HPE would not have personal jurisdiction against KS in any other district in the United States.

**B. The Court Does Not Have General Jurisdiction over KS**

General jurisdiction requires a defendant to have "continuous and systematic general business contacts" that approximate physical presence in the forum. *Helicopteros*, 466 U.S. at 416. Where a defendant is a foreign corporation, a plaintiff must establish that the defendant has "affiliations 'so 'continuous and systematic' as to render [it] essentially at home in the forum State', . . . i.e., comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014) (internal citation omitted). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State," "[b]ut 'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that State." *Bristol-Myers Squibb*, 137 S. Ct. 225, 262 (2017).

For the reasons articulated above, general jurisdiction is not proper here, because KS does not have any "continuous and systematic general business contacts" with California. Moreover, apart from the specious allegations that KS operates "in concert" with Aivres or the "Inspur Defendants," the Complaint does not allege any continuous contact between KS and California. Complaint at ¶¶ 15, 74.

**C. Aivres Activities Are Not Attributable to KS**

The Complaint conflates the actions of KS and Aivres, which are legally distinct entities sharing a common parent company. The jurisdictional analysis for sister corporations is the same as for parent-subsidiary relationships. *In re Boon Glob., Ltd.*, 923 F.3d 643, 653 n.4 (9th Cir. 2019). Even in a parent-subsidiary relationship, "courts do not impute the contacts of a subsidiary into its parent to determine whether personal jurisdiction over the parent exists." *Costa v. Keppel Singmarine Dockyard PTE, Ltd.*, No. CV 01-11015 MMM, 2003 U.S. Dist. LEXIS 16295, *48, (C.D. Cal. April 24, 2003); *see also Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) ("where a parent and a subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other"); *Watson v. Societe Nationale Industrielle Aerospatiale*, 225 F. App'x 716, 718 (9th Cir. 2007) ("[T]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum."); *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001) ("[T]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent").

There is no factual basis in the Complaint, to attribute Aivres activities to KS. Plaintiff has not demonstrated that KS controls or directs Aivres, or any of the other defendants. *See Daimler AG*, 571 U.S. at 135 n.13. Nor are there sufficient facts to support alter-ego personal jurisdiction. *See Ferrigno v. Philips Elecs. N. Am. Corp.*, No. C-09- 03085 RMW, 2010 WL 2219975, at *3 (N.D. Cal. June 1, 2010) (finding no alter-ego relationship even with a "100% owner" who promoted itself as a single entity with subsidiaries on its "website, in its financial statements, and in its press releases.").

## VI. CONCLUSION

Because KS has no contacts with California, KS respectfully requests that the Court grant its Motion to Dismiss for Lack of Personal Jurisdiction.

Dated: August 26, 2024

HAUG PARTNERS LLP

By: */s/ Sasha G. Rao*

Sasha G. Rao (SBN 244303)
Brandon H. Stroy (SBN 289090)
Nixon Peabody LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel: 415-984-8200
Fax: 415-984-8300
Email: srao@nixonpeabody.com
Email: bstroy@nixonpeabody.com

Edgar H. Haug
Robert E. Colletti
HAUG PARTNERS LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500
Email: EHaug@haugpartners.com
Email: RColletti@haugpartners.com

*Attorneys for Defendant*
*KAYTUS SYSTEMS PTE. LTD.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2024, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will electronically serve all attorneys of record.

Date: August 26, 2024

*/s/ Sasha G. Rao*

Sasha G. Rao