J. Dino Vasquez, CSB #146725
Karr Tuttle Campbell
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone (206) 223-1313
dvasquez@karrtuttle.com

**Attorneys for Defendant**
**Inspur USA Inc.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

HEWLETT PACKARD ENTERPRISE COMPANY,

Plaintiff,

v.

INSPUR GROUP CO., LTD., INSPUR ELECTRONIC INFORMATION INDUSTRY COMPANY, LTD., AIVRES SYSTEMS INC., F/K/A INSPUR SYSTEMS, INC., BETAPEX INC., F/K/A/ INSPUR ASSET HOLDINGS, INC., INSPUR USA INC., AND KAYTUS SINGAPORE PTE. LTD.,

Defendants.

CASE NO. 4:24-CV-02220-JST

**DEFENDANT INSPUR USA INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Date: October 10, 2024
Time: 2:00 p.m.
Location: Courtroom 6, 2nd Floor
Judge: Honorable Jon S. Tigar

## NOTICE OF MOTION AND MOTION TO DISMISS

TO THE HONORABLE COURT, ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 10, 2024 at 2:00 p.m. in Courtroom 6, located on the 2nd Floor of the above-entitled Court at 1301 Clay Street, Oakland, California, or as soon thereafter as the matter may be heard before Honorable Jon S. Tigar, Defendant Inspur USA Inc. ("Inspur USA"), will and hereby does move to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(2) and 12(b)(6) all of Plaintiff Hewlett Packard Enterprise Company's ("HPE") claims asserted in its Complaint for Patent Infringement against Inspur USA.

Inspur USA moves for dismissal of the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) on the grounds that Inspur USA does not have contacts with the State of California sufficient to subject them to the general or specific jurisdiction of this Court. Further, Inspur USA moves to dismiss HPE's claims of patent infringement against Inspur USA for failing to state a claim pursuant to Rule 12(b)(6).

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Joe X. Jin, the [Proposed] Order filed concurrently herewith, all other papers or pleadings in this action, evidence and argument that the parties may present before or at the hearing on this matter, and any other matters of which this Court may take judicial notice.

Dated this 26th day of August, 2024.


*s/ J. Dino Vasquez*
J. Dino Vasquez, CSB # 146725
**KARR TUTTLE CAMPBELL**
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Facsimile: 206-682-7100
Email: dvasquez@karrtuttle.com

*Attorneys for Defendant Inspur USA Inc.*

## TABLE OF CONTENTS

Page


I. INTRODUCTION ........ 1
II. FACTUAL BACKGROUND ........ 1
  A. Inspur USA is a Washington Corporation with No Relation to Other Defendants. ........ 2
  B. Inspur USA Has No Minimum Contacts in California for Jurisdiction. ........ 2
III. ARGUMENT ........ 4
  A. Inspur USA Should Be Dismissed for Lack of Personal Jurisdiction. ........ 4
    1. Legal Standard. ........ 4
    2. There Is No General Personal Jurisdiction Over Inspur USA in California. ........ 5
    3. There Is No Specific Personal Jurisdiction Over Inspur USA in California. ........ 7
  B. HPE Fails to State A Claim for Patent Infringement Against Inspur USA. ........ 11
IV. CONCLUSION ........ 13





KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

# TABLE OF AUTHORITIES

Page

**Cases**

*3D Sys. v. Aarotech Labs., Inc.*, 160 F.3d 1373 (Fed. Cir. 1998) ..... 8

*Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, 2015 WL 5834135 (N.D. Cal. Oct. 7, 2015) ..... 5

*AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201 (9th Cir. 2020) ..... 5

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784 (9th Cir. 1977) ..... 5

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102 (1987) ..... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..... 11

*Avocent Huntsville Corp. v. Aten Int'l Co. Ltd.*, 552 F.3d 1324 (Fed. Cir. 2008) ..... 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..... 11, 12

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ..... 8

*Corazon v. Aurora Loan Services, LLC*, 2011 U.S. Dist. LEXIS 52712 (N.D. Cal. May 5, 2011) ..... 12

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ..... 4, 5

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) ..... 2

*Enlink Geoenergy Servs. v. Jackson & Sons Drilling & Pump, Inc.*, 2009 U.S. Dist. LEXIS 118754 (N.D. Cal. Nov. 30, 2009) ..... 9

*Fitbit, Inc. v. Koninklijke Phillips N.V.*, 336 F.R.D 574 (N.D. Cal. Aug. 26, 2020) ..... 8

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021) ..... 9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ..... 6

*Harris v. County of Orange*, 682 F.3d 1126 (9th Cir. 2012) ..... 2

*Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*, 2018 U.S. Dist. LEXIS 122967 (N.D. Cal. July 23, 2018) ..... 11

*Holland v. Farrow*, 2014 WL 2568569 (N.D. Cal. June 6, 2014) ..... 11

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ..... 5

*Marek v. Molson Coors Bev. Co.*, 580 F. Supp. 3d 848 (N.D. Cal. Jan. 14, 2022) ..... 10

*MG Freesites Ltd. v. DISH Techs. L.L.C.*, 2024 U.S. Dist. LEXIS 12859 (N.D. Cal. Jan. 24, 2024) ..... 5, 6, 7

*NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371 (Fed. Cir. 2017) ..... 9

*Nichols v. Guidetoinsure, LLC*, 2024 U.S. Dist. LEXIS 68367 (N.D. Cal. Apr. 15, 2024) ..... 4, 5

*Om Records, LLC v. OM Development, SAS*, 2024 U.S. Dist. LEXIS 107463 (N.D. Cal. June 17, 2024) ..... 9

*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) ..... 6

*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) ..... 5

*Splunk Inc. v. Cribl, Inc.*, 662 F. Supp. 3d 1029 (N.D. Cal. 2023) ..... 12



KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

*Stanford Health Care v. CareFirst of Md., Inc.*, 2024 U.S. Dist. LEXIS 42219 (N.D. Cal. Feb. 12, 2024) ..... 8

*USA Payments, Inc. v. Hotel Ramada of Nev.*, 2001 U.S. Dist. LEXIS 9493 (N.D. Cal. June 21, 2001 ..... 7

*Wishum v. California*, 2014 WL 3738067 (N.D. Cal. July 28, 2014) ..... 11

*Xiamen Zhaozhao Trading Co., Ltd. v. Gongsi*, 2024 U.S. Dist. LEXIS 144527 (N.D. Cal. July 29, 2024) ..... 7

*Yee v. Select Portfolio, Inc.*, 2018 WL 6173886 (N.D. Cal. Nov. 26, 2018) ..... 12

*Yu v. Design Learned, Inc.*, 2016 U.S. Dist. LEXIS 54374 (N.D. Cal. Apr. 22, 2016) ..... 1, 11

**Other**

https://www.inspurusainc.com/aboutus ..... 2



KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Inspur USA Inc. ("Inspur USA") respectfully moves the Court to dismiss Hewlett Packard Enterprise Company's ("HPE") Complaint for Patent Infringement (Dkt. 1, "Complaint") under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim. Inspur USA is a Washington corporation headquartered in Bellevue, Washington. Inspur USA is a small software outsourcing company with just 30 employees. Inspur USA has only minimal contacts with California. Inspur USA has no involvement whatsoever, in California or anywhere else, in the manufacture, assembly, service, sale, or distribution of the servers (or their components) identified in the complaint. Consequently, HPE cannot meet its burden in establishing that this Court has either general or specific jurisdiction over Inspur USA.

Regardless, HPE's claims against Inspur USA should be dismissed under Rule 12(b)(6) for failure to state a claim. HPE does not allege with any specificity any act or omission by Inspur USA to support any of its causes of action. Instead, HPE impermissibly groups the defendants together, collectively refers to them as the "Inspur Defendants," and broadly asserts that the Inspur Defendants infringed on its patents. But this type of "guilt-by-association" or group pleading is insufficient to plausibly state a claim for relief. *See Yu v. Design Learned, Inc.*, 2016 U.S. Dist. LEXIS 54374, at *11-12 (N.D. Cal. Apr. 22, 2016). ("Under Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief"). Consequently, the Court should dismiss all claims against Inspur USA for HPE's failure to state a claim.

## II. FACTUAL BACKGROUND

On April 15, 2024, HPE filed its Complaint alleging that Inspur USA and five other defendants infringed on five of HPE's patents: U.S. Patent No. 8,218,566; U.S. Patent No. 7,634,671; U.S. Patent No. 9,229,737; U.S. Patent No. 8,335,891; and U.S. Patent No. 8,108,508 (collectively, the "Asserted Patents"). Dkt. 1 at ¶¶ 17-21. The Asserted Patents generally relate to "various aspects of server technology." *Id.* at ¶ 16. According to HPE, the defendants "have


KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

continued to use HPE's patented technology to offer infringing products in the United States." *Id.* at ¶ 2. Based on its vague allegations, HPE asserted five causes of action against all of the defendants for patent infringement relating to the Asserted Patents. *Id.* at ¶¶ 79-143.

### A. Inspur USA is a Washington Corporation with No Relation to Other Defendants.

Inspur USA is a technology company that "improves business process for growing companies with software implementation, customization, and support."[1] As HPE recognizes, Inspur USA is indeed a "corporation formed under the laws of the State of Washington, having a principal place of business at 2010 156th Avenue Northeast, Suite 150, Bellevue, Washington." Dkt. 1 at ¶ 13. At all times material to the allegations in HPE's Complaint, Inspur USA was and still is headquartered and incorporated in Washington.

HPE alleges that "Inpsur USA is part of the Inspur Group and is a related company to Defendant IEIT Systems that is controlled by the same controlling shareholder as Defendant IEIT Systems." Dkt. 1 at ¶ 69. This is not true. Inspur USA is a wholly owned subsidiary of Langchao Worldwide Service Ltd. ("Langchao"), a Cayman Islands corporation. *See* Dkt. 73[2]; *see also* Jin Decl., ¶ 3.[3] Inspur USA has no contractual relationship with any of the other defendants – none are a customer of Inspur USA and vice versa. *Id.*, ¶ 6.

### B. Inspur USA Has No Minimum Contacts in California for Jurisdiction.

In an attempt to establish personal jurisdiction over Inspur USA, HPE relies entirely on conclusory allegations:

> This Court has personal jurisdiction over Defendant Inspur USA because Defendant Inspur USA is registered as a foreign corporation in the State of California with a California office in this judicial district at 480 McCarthy Boulevard, Suite 150, Milpitas. See Ex. 14. Defendant Inspur USA has availed itself of the laws of the State of California by registering in this State and operating out of an office in this judicial district, where it conducts regular and systematic

[1] https://www.inspurusainc.com/aboutus

[2] While courts generally cannot consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion without converting the motion into one for summary judgment, courts may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

[3] In resolving a motion to dismiss for lack of personal jurisdiction, "the Court may consider affidavits, declarations, and other evidence outside of the pleadings." *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).



KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

> business activities, including those that give rise to its infringement of the HPE Asserted Patents. Accordingly, exercise of personal jurisdiction over Defendant Inspur USA would not offend traditional notions of fair play and substantial injustice.

Dkt. 1 at ¶ 68. HPE then follows this assertion with more conclusory allegations: "Defendant Inspur USA sells, offers for sale, and/or assists customers in the design, manufacture, and installation of Accused Products in the United States, including in this judicial district." *Id.* at ¶ 70. Instead of explaining which products Inspur USA purportedly sells or offers to sell in California, or which customers it assists, HPE generally refers to Inspur USA's website and alleges vague services that Inspur USA offers with no specific connection to California. *Id.* HPE ends its jurisdictional allegations with yet another conclusory statement devoid of specifics:

> Defendant Inspur USA conducts its activities that infringe the HPE Asserted Patents, such as sale, offer for sale, assembly, manufacturing, configuration, and instruction for use of the Accused Products, from its location in this judicial district at 408 N. McCarthy Boulevard in Milpitas. . . . On information and belief, the hardware manufacturing and IT consulting activities that Defendant Inspur USA conducts at its Milpitas location, which is a regular and established place of business in this District, are manufacturing and consulting activities that involve the Accused Products.

*Id.* at ¶ 71.

Contrary to HPE's unfounded speculation, Inspur USA does not have any extensive operations in California. Inspur USA has approximately 30 employees with 24 of them working at Inspur USA's Bellevue office. Jin Decl., ¶ 4. All financial decisions and payments are made from Washington. *Id.* All corporate accounts are in Washington. *Id.* Inspur USA's officers, directors, board members, and administrators are all located in Washington and all oversight of Inspur USA's daily operations and business strategy occurs in Washington. *Id.* In other words, Inspur USA is operated solely from Washington. *Id.*

Further, all of Inspur USA's business records are in Washington. *Id.*, ¶ 5. Any contracts entered into by Inspur USA are drafted and signed from Inspur USA's headquarters in Washington. *Id.* And all client-facing negotiations or consultations with Inspur USA are conducted through the Washington office. *Id.*



KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Inspur USA is a software outsourcing company. *Id.*, ¶ 6. Customers hire Inspur USA to outsource its software development or test software. *Id.* Then, Inspur USA delivers the code or test results to the customer. *Id.* Inspur USA only creates software for others and none of the named defendants are Inspur USA's customers. *Id.* Inspur USA has no customers or clients in California. *Id.* Moreover, Inspur USA does not manufacture, sell, distribute, or service any servers, including any of the Accused Products. *Id.*, ¶ 7. Inspur USA does not create any bios, operating system, or driver software for servers nor does it have anything to do with any of the Accused Products. *Id.*

While Inspur USA does have limited operations in Milpitas, California, those operations merely include a small office space with just six employees who follow the direction of management in Washington for the development and testing of software for customers outside of California. *Id.*, ¶ 8. To be clear, Inspur USA has no manufacturing facilities or warehouses in California or anywhere else. *Id.*, ¶ 9. It has no capability to manufacture or assemble servers in California or anywhere else. *Id.* It has no bank accounts or financial holdings in California. *Id.* Inspur USA's contacts with this district are minimal.

## III. ARGUMENT

### A. Inspur USA Should Be Dismissed for Lack of Personal Jurisdiction.

#### 1. Legal Standard.

Under Rule 12(b)(2), a court may dismiss a defendant from a case for lack of personal jurisdiction. Rule 4(k)(1)(A) provides that in the absence of a federal statute governing personal jurisdiction, "the district court applies the law of the state in which the district court sits." *See also Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons"). Since "California's long-arm statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Nichols v. Guidetoinsure, LLC*, 2024 U.S. Dist. LEXIS 68367, at *2-3 (N.D. Cal. Apr. 15, 2024); *USA Payments*, 2024 U.S. Dist. LEXIS 9493, at *3. To exercise personal jurisdiction over an out-of-state defendant, due process requires that the defendant have "minimum contacts with [the state] such that the maintenance of the suit does not



KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). The minimum contacts required by due process depend on whether the court is exercising general or specific jurisdiction. *Daimler*, 571 U.S. at 121-22.

As the plaintiff, HPE bears the burden of establishing that personal jurisdiction is proper. *Nichols*, 2024 U.S. Dist. LEXIS 68367, at *4 ("In opposing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff has the burden to prove that the Court's exercise of personal jurisdiction over the moving defendant is appropriate" (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). In doing so, HPE cannot rely on conclusory allegations that are "unsupported by the [factual] allegations in" a complaint. *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, 2015 WL 5834135, at *5 (N.D. Cal. Oct. 7, 2015); *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020) (citations omitted) (This standard "is not toothless" and a plaintiff "cannot simply rest on the bare allegations of its complaint"). Instead, a "plaintiff . . . is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 788 (9th Cir. 1977). Thus, "disputed allegations in the complaint that are not supported with evidence or affidavits cannot establish jurisdiction." *AMA Multimedia*, 970 F.3d at 1207.

As set out more fully below, HPE cannot satisfy its burden of establishing that this Court has either general *or* specific personal jurisdiction over Inspur USA and its claims should be dismissed.

**2. There Is No General Personal Jurisdiction Over Inspur USA in California.**

Because Inspur USA is not incorporated in California and does not have its principal place of business in California, there is no general jurisdiction. "General jurisdiction extends to all claims that might be asserted against a defendant, and thus requires a *substantial degree* of contact with the forum." *Nichols*, 2024 U.S. Dist. LEXIS 68367, at *3. However, "general jurisdiction is only proper over a corporation in its state of incorporation or in the state of its principal place of business." *See MG Freesites Ltd. v. DISH Techs. L.L.C.*, 2024 U.S. Dist. LEXIS 12859, at *8-9 (N.D. Cal. Jan. 24, 2024). Absent such facts, general jurisdiction can only be established "where


KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

business contacts within the state are so ‘continuous and systematic’ as to render the corporation ‘at home’ in the forum state.” *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)). But this exception is a narrow one that the United States Supreme Court has—in recent years—only applied in a *single* case. *See MG Freesites,* 2024 U.S. Dist. LEXIS 12859, at *8-9 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) and noting that “in recent years the Supreme Court has only sanctioned application of the exception in one instance”).

Here, Inspur USA is not subject to general jurisdiction. As HPE acknowledged in its Complaint, Inspur USA is incorporated and has its principal place of business in Washington—not California. Dkt. 1 at ¶ 13. The Court should decline to exercise general jurisdiction on this basis alone.

Moreover, there are no factors justifying application of the rare exception that requires the Court to deem Inspur USA “at home” in California. While HPE asserts in conclusory fashion that Inspur USA “conducts regular and systematic business activities” at its building in Milpitas, California, Dkt. 1 at ¶ 68, the company is solely operated from Washington. Jin Decl., ¶ 4. Indeed, all financial decisions and payments are made from Washington. *Id.* All corporate accounts are in Washington. *Id.* All of Inspur USA’s officers, directors, board members, and administrators are located in Washington. *Id.* And all oversight of Inspur USA’s daily operations and business strategy occurs in Washington. *Id.*

Inspur USA has no bank accounts or financial holdings in California. *Id.*, ¶ 9. It has no capability to manufacture or assemble servers in California (or anywhere else). *Id.* Inspur USA’s only connections to California are six employees (who follow the direction of management in Washington for the development and testing of software for customers outside of California), a leased office space in California for those employees, and its registration as a foreign corporation in California. Such minimal contacts are insufficient to establish that Inspur USA is “at home” in California and subject to this Court’s jurisdiction. *See MG Freesites Ltd.*, 2024 U.S. Dist. LEXIS 12895, at *12 (declining to exercise general jurisdiction because “the corporation must be


KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

engaging in business so extensive in the state as to be akin to being headquartered in that state"); *cf. Perkins*, 342 U.S. at 447-48 (holding company subject to general jurisdiction in Ohio when president of company maintained an office there where he "did many things on behalf of the company," "carried on there correspondence relating to the business of the company," "drew and distributed there salary checks on behalf of the company," "used and maintained two active bank accounts carrying substantial balances of company funds," held "several director's meetings," "supervised policies with the rehabilitation of the corporation's properties in the Philippines," and "dispatched funds to cover purchases of machinery for such rehabilitation") *with* Jin Decl., ¶¶ 4-9.

Indeed, nowhere in HPE's Complaint is there any allegation that Inspur USA engaged in the sort of extensive operations within California as to warrant application of this exception. *See, e.g.*, *MG Freesites Ltd.*, 2024 U.S. Dist. LEXIS 12859 (declining to determine that a defendant is "at home" because "Plaintiffs do not allege that the Defendant corporations engage in the sort of extensive operations within the forum state so as to warrant application of the exception"). Instead, HPE merely cites to Inspur USA's website, generally discusses the services it allegedly offers and products it allegedly sells, and asserts that such activities take place within "this judicial district" without presenting any specific allegations or evidence to support HPE's conclusory speculation. Dkt 1 at ¶¶ 68-72. Accordingly, HPE has not met its burden in establishing that the Court has general jurisdiction over Inspur USA.

**3. There Is No Specific Personal Jurisdiction Over Inspur USA in California.**

If a Court does not have general jurisdiction over a party (as is the case here), then it must determine whether it has specific jurisdiction. The Federal Circuit[4] employs a three-part test:

---

[4] Because this is a patent infringement case, "district courts apply the law of the Federal Circuit rather than the law of the regional circuit to determine whether the district court has personal jurisdiction over the defendant." *Xiamen Zhaozhao Trading Co., Ltd. v. Gongsi*, 2024 U.S. Dist. LEXIS 144527, at *5 (N.D. Cal. July 29, 2024) (citing *Avocent Huntsville Corp. v. Aten Int'l Co. Ltd.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008)). "The court, however, may rely upon Ninth Circuit law regarding personal jurisdiction to the extent it is not inconsistent with Federal Circuit authority." *USA Payments, Inc. v. Hotel Ramada of Nev.*, 2001 U.S. Dist. LEXIS 9493, at * 2 (N.D. Cal. June 21, 2001).


KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

> (1) whether the defendant purposefully directed its activities at the residents of the forum; (2) whether the claim arises out of or is related those activities[;] and (3) whether the assertion of personal jurisdiction is reasonable and fair.

*USA Payments*, 2001 U.S. Dist. LEXIS 9493, at *5-6. "In a case asserting multiple claims against the same defendants, the plaintiff must establish specific personal jurisdiction over the defendants for each claim." *Stanford Health Care v. CareFirst of Md., Inc.*, 2024 U.S. Dist. LEXIS 42219, at *6 (N.D. Cal. Feb. 12, 2024). Here, HPE's allegations against Inspur USA do not satisfy any element of this test.

***i. Inspur USA Has Not Purposefully Directed its Activities at California.***

A defendant purposefully directs activities at the forum when the defendant's "contacts proximately result from actions by the defendant . . . that create a 'substantial connection' with the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Here, HPE fails to sufficiently plead that Inspur USA purposefully directed its activities at California. HPE vaguely alleges that Inspur USA "sells, offers for sale, and/or assists customers in the design, manufacture, and installation of Accused Products . . . in this judicial district." Dkt. 1 at ¶ 70. HPE does not include specific allegations of Inspur USA's purported infringing activities in this district. Instead, HPE generally alleges the services it identified on Inspur USA's outdated webpage, none of which reference the Accused Products or any of the alleged infringing activity taking place anywhere, much less at Inspur USA's small office space in Milipitas. Dkt. 1 at ¶¶ 70-71.[5] The statement on Inspur USA's 2022 filing with the California Secretary of State generally describing "Type of Business" Inspur USA's business is too vague and generic to establish a substantial connection. *See* Dkt. 1-1, Ex. 13. Nothing in that document provides any information or indication as to Inspur USA's actual business activities in California. These vague allegations concerning general business activity without any specific allegations (much less evidence) of any business activity in

[5] While HPE asserts that Inspur USA "is part of the Inspur Group and is a related company to Defendant IEIT Systems that is controlled by the same controlling shareholder as Defendant IEIT Systems," Dkt. 1 at ¶ 69, this is not true. *See* Dkt. 73 (Inspur USA's Corporate Disclosure Statement). Regardless, HPE's parent-subsidiary personal jurisdiction theory is insufficient. *See Fitbit, Inc. v. Koninklijke Phillips N.V.*, 336 F.R.D 574, 581 (N.D. Cal. Aug. 26, 2020) (declining to exercise specific jurisdiction over a parent company for its subsidiaries actions because "[t]he Federal Circuit has cautioned that 'the corporate form is not to be lightly cast aside' and 'the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception.'" (quoting *3D Sys. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998)).



KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

California are insufficient to satisfy the first element of the specific jurisdiction test.[6] *NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378-79 (Fed. Cir. 2017) ("Something more is needed—whether it be actual sales, targeted advertising, or contractual relationships—to connect the defendant's infringing acts of making, using, offering, or selling its products with the forum State"). Consequently, HPE's claims against Inspur USA should be dismissed for lack of jurisdiction. *NexLearn*, 859 F.3d at 1381 (declining to exercise specific jurisdiction because "[t]here [wa]s no evidence that Allen's website facilitated the making, using, offering, or selling of ZebraZapps in Kansas in order to connect Allen's website with NexLearn's patent infringement claim").

***ii. HPE's Claims Do Not Arise Out of Inspur USA's Activities.***

To satisfy the second prong, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359-60 (2021) (citations omitted). "Tortious injury caused by patent infringement occurs within the state where the allegedly infringing sales are made." *See Enlink Geoenergy Servs. v. Jackson & Sons Drilling & Pump, Inc.*, 2009 U.S. Dist. LEXIS 118754, at *13 (N.D. Cal. Nov. 30, 2009). As previously discussed, Inspur USA has not conducted any infringing activity period, much less within California. Stated plainly, Inspur USA has never had any involvement of any kind with the Accused Products. HPE offers nothing but speculation and conclusory allegations to the contrary. It has no evidence whatsoever of any conduct by Inspur USA relating to the Accused Products, much less any conduct that might infringe HPE's Asserted Patents at issue. Consequently, HPE cannot satisfy the second prong either. *See Enlink* , 2009 U.S. Dist. LEXIS 118754, at *13-14 (holding that plaintiff's patent infringement claim did not arise out of

---

[6] HPE alleges that Inspur USA sold the Accused products "to customers on behalf of or in concert with other Defendants, including Inspur Group, Aivres, and KAYTUS." Dkt. 1 at ¶ 70. But these conclusory allegations that the defendants acted in concert are insufficient to establish personal jurisdiction over Inspur USA. *See Om Records, LLC v. OM Development, SAS*, 2024 U.S. Dist. LEXIS 107463, at *30 (N.D. Cal. June 17, 2024) (holding "conclusory allegations that all [d]efendants acted in concert and are responsible for the others" insufficient to establish personal jurisdiction).



KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

the defendant's activities in California because the defendants "have not made any infringing sales or provided any infringing services in California").

***iii. Asserting Jurisdiction Over Inspur USA Would Not Be Reasonable.***

Even if HPE satisfies the first two-prongs (it can't), this Court's exercise of jurisdiction over Inspur USA would be unreasonable. *See Marek v. Molson Coors Bev. Co.*, 580 F. Supp. 3d 848, 854 (N.D. Cal. Jan. 14, 2022) (exercise of jurisdiction "must comport with fair play and substantial justice, i.e., it must be reasonable"). In determining whether an exercise of jurisdiction is reasonable, the courts consider several factors: (1) the burden on the defendant, (2) the interests of the forum State, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *See Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987).

Here, exercising jurisdiction over Inspur USA is unreasonable. First, given that Inspur USA's business operations, business records, and witnesses are all located in Washington, litigation in California would cause Inspur USA to incur significant expenses. Second, because Inspur USA has not sold or conducted any infringing activity of any kind related to the Accused Products in any state, much less California, California has no interests at stake in HPE's claims against Inspur USA. On that same note, regarding the last three factors, Inspur USA has not assembled, distributed, marketed, serviced, offered for sale, or sold the Accused Products or its components, committed any act of infringement, or assisted others in the same anywhere in the United States. Thus, HPE's interest in obtaining relief, the interstate judicial system's interest in obtaining an efficient resolution, and the states' shared interest in furthering fundamental substantive social policies either favor Inspur USA or are neutral.

In sum, HPE's claims against Inspur USA should be dismissed for lack of personal jurisdiction.


KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

### B. HPE Fails to State A Claim for Patent Infringement Against Inspur USA.

Even if the Court has personal jurisdiction over Inspur USA (it doesn't), HPE's complaint should be dismissed under Rule 12(b)(6). Courts routinely grant motions to dismiss under Rule 12(b)(6) when "the complaint does not proffer enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (cleaned up). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Holland v. Farrow*, 2014 WL 2568569, at *1 (N.D. Cal. June 6, 2014) (citations omitted) (quoting *Twombly*, 550 U.S. at 570). A court need not accept a complaint's allegations as true if the plaintiff only provides "threadbare recitals of a cause of action's elements [and] . . . mere conclusory statements." *Wishum v. California*, 2014 WL 3738067, at *2 (N.D. Cal. July 28, 2014) (citations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.* Thus, "legal conclusions fail under Rule 12(b)(6)." *See, e.g.*, *Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*, 2018 U.S. Dist. LEXIS 122967, at *14-15 (N.D. Cal. July 23, 2018) (dismissing contributory infringement allegations because "a conclusory allegation does not support an inference that the accused products have 'no substantial non-infringing uses'") (citation omitted). And "[u]nder Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief." *See Yu*, 2016 U.S. Dist. LEXIS 54374, at *11-12.

Here, HPE fails to plead any allegation whatsoever specifically relating to any purported infringing activity by Inspur USA. Instead, HPE simply asserts that "Inspur USA is part of the Defendant Inspur Group and is a related company to IEIT Systems that is controlled by the same controlling shareholder as IEIT Systems" (Dkt. 1 at ¶ 15)[7] and then groups all of the defendants together as "Inspur Defendants." Dkt. 1 at 3. Inspur USA is not specifically identified in any of the allegations in the facts or causes of action sections of the Complaint. Consequently, Inspur

[7] As established by Inspur USA's Corporate Disclosure Statement (Dkt. 73) and the Jin Decl., this is not true.



KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

USA lacks sufficient notice of the allegations asserted against it. This type of group pleading is insufficient. *See Yu*, 2016 U.S. Dist. LEXIS 54374, at *11-12 (dismissing complaint because plaintiff "fails to differentiate among the defendants, and because his factual allegations are insufficient to support a plausible claim . . . [plaintiff] fails to satisfy his burden"); *Corazon v. Aurora Loan Services, LLC*, 2011 U.S. Dist. LEXIS 52712, at *4 (N.D. Cal. May 5, 2011) (dismissing complaint because plaintiff "fail[ed] to differentiate among defendants or specify which defendant [was] the subject of Plaintiff's various allegations, [and thus] violate[d] Rule 8(a)(2) because it fail[ed] to provide [the defendant] with fair notice of its alleged misconduct"); *Yee v. Select Portfolio, Inc.*, 2018 WL 6173886, at *7 (N.D. Cal. Nov. 26, 2018) ("Because Plaintiff's pleading fails to allege what role each Defendant played in the alleged harm, this makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiff's allegations" (citations omitted)).

HPE's allegations concerning indirect or willful infringement are also too conclusory or vague to plausibly state a claim. HPE alleges that the defendants "knowingly" and "with knowledge" induced and contributed to infringement by others. Dkt. 1 at ¶¶ 32, 84-85, 86-88, 97-98, 99-101, 110-14, 123-27, 136-40. But to sufficiently plead plausible claims of indirect and willful infringement, HPE must plead with specificity that Inspur USA had "knowledge of the asserted patents and knowledge of their infringement." *Splunk Inc. v. Cribl, Inc.*, 662 F. Supp. 3d 1029, 1036 (N.D. Cal. 2023). This knowledge must be "pre-suit knowledge." *Id.* Because HPE makes no such specific allegations with respect to Inspur USA (nor can it), HPE has failed to state a claim for indirect or willful patent infringement against Inspur USA.

In sum, HPE has failed to allege any specific facts as to how Inspur USA purportedly infringed any of the Asserted Patents. Because HPE has failed to specifically alleged "enough facts to state a claim to relief that is plausible on its face" as to Inspur USA, the patent infringement claims against Inspur USA should be dismissed. *Twombly*, 550 U.S. at 570.



KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## IV. CONCLUSION

Because Inspur USA is a Washington corporation that does not possess the sufficient minimum contacts necessary to subject it to this Court's jurisdiction, HPE's claims should be dismissed. But even if the Court did have personal jurisdiction, HPE's vague allegations, guilt-by-association group pleading, and conclusory assertions fail to state a plausible claim for patent infringement. Therefore, Inspur USA respectfully requests the Court grant its motion and dismiss all of HPE's claims against Inspur USA.

Dated this 26th day of August, 2024.


*s/ J. Dino Vasquez*
J. Dino Vasquez, CSB # 146725
**KARR TUTTLE CAMPBELL**
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Facsimile: 206-682-7100
Email: dvasquez@karrtuttle.com

*Attorneys for Defendant Inspur USA Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, the foregoing document was electronically filed with the United States District Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Julie Nesbitt*
Julie Nesbitt
Legal Assistant



KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100