# EXHIBIT A

DLA Piper LLP (US)
Sean Cunningham (Bar No. 174931)
sean.cunningham@us.dlapiper.com
Erin P. Gibson (Bar No. 229305)
erin.gibson@us.dlapiper.com
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: 858.677.1400
Facsimile: 858.677.1401

Brent K. Yamashita (Bar No. 206890)
Brent.Yamashita@us.dlapiper.com
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Telephone: 650.833.2000
Facsimile: 650.833.2001

Attorneys for Plaintiff
Hewlett Packard Enterprise Company

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEWLETT PACKARD ENTERPRISE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INSPUR GROUP CO., LTD., a Chinese Corporation; INSPUR ELECTRONIC INFORMATION INDUSTRY COMPANY, LTD., a Chinese company; AIVRES SYSTEMS INC., f/k/a INSPUR SYSTEMS, INC., a California corporation; BETAPEX INC., f/k/a INSPUR ASSET HOLDINGS, INC., a California corporation; INSPUR USA INC., a Washington corporation; and KAYTUS SINGAPORE PTE. LTD., a Singapore company,<br><br>Defendants. | Case No. 4:24-cv-2220<br><br>**PLAINTIFF HPE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS (NOS. 1 – 48)**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Federal Rule of Civil Procedure 26 and 34, Plaintiff Hewlett Packard Enterprise Company ("HPE") hereby requests that Defendants Inspur Group Co., Ltd. ("Inspur Group"); Inspur Electronic Information Industry Co., Ltd., also known as IEIT Systems Co., Ltd. or Inspur Information ("IEIT Systems"); Aivres Systems Inc., formerly known as Inspur Systems, Inc. ("Aivres"); Betapex Inc., formerly known as Inspur Asset Holdings, Inc. ("Betapex"); Inspur USA Inc. ("Inspur USA"), and KAYTUS Singapore Pte. Ltd. ("KAYTUS") (collectively the "Defendants"), produce all of the following Documents and other tangible things that are in its possession, custody or control. Production shall take place within thirty (30) days of this request, at the offices of DLA Piper LLP (US), 4365 Executive Drive, Suite 1100, San Diego, California 92121-2133, or at such other location and time as the parties agree. The Defendants are subject to a duty to supplement all responses to this request for production in accordance with Federal Rule of Civil Procedure 26(e). The following definitions and instructions apply.

## **DEFINITIONS**

1. "Plaintiff" or "HPE" means Plaintiff Hewlett Packard Enterprise Company.

2. "Defendants," "You," and/or "Your" means collectively and/or individually Inspur Group, IEIT Systems, Aivres, Betapex, Inspur USA, and KAYTUS, as defined above, including, without limitation, all predecessors, subsidiaries, parents and affiliates, and all past or present directors, officers, agents, employees, representatives, consultants, attorneys, and any other person or entity acting on behalf of any of the foregoing.

3. "Asserted Patents" means U.S. Patent No. 8,218,566 (the "'566 patent"); U.S. Patent No. 7,634,671 (the "'671 patent"); U.S. Patent No. 9,229,737 (the "'737 patent"); U.S. Patent No. 8,335,891 (the "'891 patent"); and U.S. Patent No. 8,108,508 (the "'508 patent").

4. "Accused Products" refer to those devices, components and other products, including but not limited to fully assembled products and sub-components thereof identified as infringing the Asserted Patents in the Complaint and any amendments thereto and/or in Plaintiff's infringement contentions in this litigation, and any supplementations or amendments thereto, and/or that any Defendant made, used, offered to sell, or sold within the United States or imported into the United States between April 15, 2018, and the present that (i) allow or enable access to a

serial port of a computer over a network and/or a serial over LAN function; (ii) determine power consumption of devices coupled to a network; (iii) allow or enable a processor of a second computer system to emulate a mass storage device of a first computer system; (iv) comprise an array controller configured to process a configuration task in response to a user selection; and/or (v) enable or contain a chip comprising an embedded processor that is programmable to function as a manageability web server.

5. The term "Document(s)" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34(a)(1)(A) and by Federal Rule of Evidence Rule 1001.

6. "Source Code" means human-readable programming language text that defines software, hardware and/or firmware, including any human readable text files used in the generation and/or building of software, hardware and/or firmware, as well as any and all programmer notes, annotations, and other comments of any type related to and/or accompanying the code itself.

## INSTRUCTIONS

1. You are to respond to these Requests for Production in accordance with the Federal Rules of Civil Procedure and these Instructions and Definitions.

2. If You decline to produce any Document or part thereof based on a claim of privilege or any other claim, provide a privilege log, or "privileged Document list," which identifies the type of Document, the author of the Document, the recipient of the Document, the date of the Document, the general subject matter of the Document, and the privilege asserted.

3. If any Documents or things responsive to these discovery requests have been destroyed or are no longer available for any reason, describe the nature of such Documents or things, the last known location of any copies of such Documents or things, the date of such destruction, the reason for such destruction, and the name of the person who ordered or authorized such destruction.

4. These Requests for Production are not limited as to time period unless stated.

/////

/////

## **REQUESTS FOR PRODUCTION**

1. Documents sufficient to determine the chain of distribution for each Accused Product from April 15, 2018, to the present including manufacturers, distributors, retailers, up to and including the end-use consumers.

2. Documents sufficient to determine third parties that have been involved in or are involved in from April 15, 2018, to the present in the design, development, manufacture, importation, or sale of any Accused Product.

3. Documents sufficient to determine Your organizational structure as it relates to the research, development, engineering, licensing, component sourcing, manufacture, testing, marketing, distribution, sale, and importation of the Accused Products.

4. Documents sufficient to show the relationship between each Defendant, whether through ownership, operations, or otherwise.

5. Documents sufficient to identify the role of each Defendant in the research, development, engineering, licensing, component sourcing, manufacture, testing, marketing, distribution, sale, and importation of the Accused Products.

6. All Documents relating to any name changes of each Defendant, including but not limited to all Documents describing the decision by any Defendant to change the name of any Defendant and the reasons for such change.

7. Documents sufficient to identify any suppliers, including third party suppliers, of components for the Accused Products from April 15, 2018, to the present.

8. Documents sufficient to identify all Accused Products that are either imported into the United States or sold in the United States from April 15, 2018, to the present.

9. For each Accused Product, Documents sufficient to show on a product-by-product basis, from April 15, 2018, to the present:

   (a) the volume of sales in the United States by month, expressed in both dollars and units, from April 15, 2018, to present;

   (b) the annual volume of imports into the United States by month, expressed in both dollars and units, from April 15, 2018, to present;

   (c) the cost of goods sold for the product from April 15, 2018, to present;

(d) the approximate dates on which You began production and ceased production (if applicable) of the product;

(e) the sales price from You to Your customer(s); and

(f) the retail price for which the product is sold to a consumer in the United States.

10. For each Accused Product, Documents sufficient to determine:

(a) all product, model, and design numbers; and

(b) all brand names, marketing names, part numbers, internal designations and/or code names, external designations, and other unique designations.

11. Two physical samples of each Accused Product.

12. Documents sufficient to show the research, design, and development of the Accused Products from April 15, 2018, to the present.

13. The bill of materials for each Accused Product.

14. All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable access to a serial port of a computer over a network and/or a serial over LAN function.

15. All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable the determination of power consumption of devices coupled to a network.

16. All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable a processor of a second computer system to emulate a mass storage device of a first computer system.

17. All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable an array controller configured to process a configuration task in response to a user selection.

18. All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable a chip comprising an embedded processor that is programmable to function as a manageability web server.

/////

19. All Documents, including but not limited to Source Code, that describe or relate to any baseband management controller or BMC (including but not limited to the ASPEED AST2500, AST2520, AST 2600, AST2620, AST2700, AST2750, and Pilot 4) used in any Accused Product.

20. All Source Code for all versions of the ISPIM software authored or made available to customers between April 15, 2018, and the present.

21. All manuals, datasheets, instruction sheets, product guides, user guides, design notes, design guides, and product manuals for each Accused Product including but not limited to manuals, datasheets, instruction sheets, product guides, user guides, design notes, design guides, and product manuals published for external use, internal use, and/or those that are shared between partner companies.

22. Documents shared with You by Your suppliers pertaining to the components for the Accused Products.

23. Documents sufficient to show, for each Accused Product, features and functionalities that are advertised or marketed to consumers in the United States including, but not limited to features and functionalities identified in the Complaint, and/or features and functionalities identified in HPE's infringement contentions.

24. Documents relating to any reports, analyses, surveys, studies, or forecasts of the market for, consumers of, or industry competition with the Accused Products.

25. Documents related to the frequency of use or popularity of components, technologies, or features of the Accused Products.

26. Documents You intend to rely on regarding damages in this action, including any Documents relating to lost profits, the royalty rate, royalty base and relevant licenses.

27. All Documents and things related to the level of knowledge, education, schooling, experience, expertise, or relevant technical skill of a person having ordinary skill in the art related to the asserted claims of each of the Asserted Patents.

/////

/////

28. All Documents and things related to Your construction of each claim term, element, or limitation that You contend requires a claim construction, including but not limited to all extrinsic evidence supporting Your construction of each claim limitation.

29. All Documents and things related to the circumstances surrounding when You first became aware of the existence of each of the Asserted Patents, including how You became aware of each patent and the identity of the specific individual(s) who first became aware of each patent.

30. All Documents and things relating to any consideration, inspection, testing, or analysis concerning whether any Accused Product is within the scope of any claim of the Asserted Patents.

31. Documents sufficient to show any design changes that were considered or are currently being considered from August 11, 2021 to the present for the Accused Products in response to any Communication from Plaintiff, the Complaint, or any Asserted Patent.

32. All Documents and things relating to any alleged non-infringing alternatives to the inventions of the Asserted Patents.

33. All Documents and things relating to any design around or steps taken by You to mitigate or avoid infringement of the Asserted Patents.

34. All Documents and things related to or evidencing any of Your contentions in this litigation that the claims at issue are not directly infringed.

35. All Documents and things related to or evidencing any of Your contentions in this litigation that You do not induce infringement of any of the asserted claims for any reason other than a contention that there is no direct infringement.

36. All Documents and things related to or evidencing any of Your contentions that You do not contribute to the infringement of any of the asserted claims for any reason other than a contention that there is no direct infringement.

37. All Documents and things related to Your contention that the Asserted Patents are invalid.

38. All Documents and things relating to any secondary consideration or other objective evidence of non-obviousness of the Asserted Patents, including but not limited to any

long-felt need, failure of others, commercial success, copying of the claimed invention by others, unexpected or superior results from the claimed invention, licensing or praise by others, criticism by others, or any other objective indicia of non-obviousness.

39. All Documents and things concerning Prior Art to the Asserted Patents, whether or not You believe that the Prior Art invalidates any claim of the Asserted Patents, including without limitation all Documents and things concerning Prior Art searches performed by You or on Your behalf.

40. All Documents and things concerning any formal, informal, written, or oral opinion, report, study, analysis, review, conclusion, or observation concerning the invalidity, non-infringement, or unenforceability of any of the Asserted Patents.

41. All Documents and things related to or evidencing any affirmative defense You have pled or intend to plead in this litigation.

42. All licensing agreements to which You are or have been a party that relate to the Accused Products.

43. All Documents relating to or containing a patent policy or patent licensing policy for any Defendant.

44. All Documents and things that You intend to offer into evidence at trial in this matter.

45. All Documents and things relating to HPE and/or the Asserted Patents, including meetings between You and HPE, Documents exchanged between You and HPE, and Documents exchanged between You and Third Parties regarding HPE, the Asserted Patents, and/or the litigation.

46. Any witness statements, declarations, or transcripts of any trial testimony, including exhibits, ever given in any proceeding either by any person You expect to call as a witness in connection with this matter or concerning any of the Accused Products.

47. All Documents and things relating to this litigation obtained from third parties.

/////

/////

48. All Documents concerning Defendants' Document maintenance, retention and/or destruction policies, including all Document maintenance, retention and/or destruction policies concerning electronic Documents and emails.

Dated: July 9, 2024


/s/ Sean Cunningham
SEAN CUNNINGHAM (Bar No. 174931)
sean.cunningham@us.dlapiper.com
ERIN P. GIBSON (Bar No. 229305)
erin.gibson@us.dlapiper.com
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401

HELENA D. KIEPURA (*pro hac vice*)
helena.kiepura@us.dlapiper.com
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000

AMY LYDON (pro hac vice)
Amy.Lydon@us.dlapiper.com
CLAIRE SCHUSTER (pro hac vice)
claire.schuster@us.dlapiper.com
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6000
Facsimile: (617) 406-6100

MICHAEL L. BURNS (*pro hac vice*)
michael.burns@us.dlapiper.com
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
Telephone: (215) 656-3300
Facsimile: (215) 656-3301

STEPHANIE M. PIPER (*pro hac vice*)
stephanie.piper@us.dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
27th Floor
New York, NY 10020
Telephone: (212) 335-4726
Facsimile: (212) 884-8526

ANGELA C. WHITESELL (*pro hac vice*)
angela.whitesell@us.dlapiper.com
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100

BRENT K. YAMASHITA (Bar No. 206890)
Brent.Yamashita@us.dlapiper.com
DLA PIPER LLP (US)
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Telephone: (650) 833-2000
Facsimile: (650) 833-2001

*Attorneys for Plaintiff Hewlett Packard Enterprise Company*

Wilmington, DE  19801-1147
Telephone:  302.468.5700Facsimile: 302.394.2341

AIMA MORI (*pro hac vice*)
aima.mori@us.dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606
Telephone: (312) 251-5710
Facsimile: (312) 236-7516

MICHAEL SAULNIER (*pro hac vice*)
Michael.saulnier@us.dlapiper.com
DLA PIPER LLP (US)
303 Colorado St., Suite 3000
Austin, TX 78701
Telephone: (512) 457-7234
Facsimile: (512) 721-2234

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 9th day of July 2024, all counsel of record who are deemed to have consented to electronic services are being served with a copy of this Document via email. Any other counsel of record will be served by first class mail.

*/s/ Sean Cunningham*
Sean Cunningham