# EXHIBIT B

Edgar H. Haug
Robert E. Colletti
HAUG PARTNERS LLP
745 Fifth Avenue, New York, NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500
Email: EHaug@haugpartners.com
Email: RColletti@haugpartners.com

Sasha G. Rao
Nixon Peabody LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel: 415-984-8200
Email: srao@nixonpeabody.com

*Attorneys for Defendant KAYTUS SINGAPORE PTE. LTD.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HEWLETT PACKARD ENTERPRISE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INSPUR GROUP CO., LTD., a Chinese Corporation; INSPUR ELECTRONIC INFORMATION INDUSTRY COMPANY, LTD., a Chinese Company; AIVRES SYSTEMS INC., f/k/a INSPUR SYSTEMS, INC., a California corporation; BETAPEX INC., f/k/a INSPUR ASSET HOLDINGS, INC., a California corporation; INSPUR USA INC., a Washington corporation; and KAYTUS SINGAPORE PTE. LTD., a Singapore company,<br><br>Defendants. | Case No. 4:24-cv-02220-JST |

**KAYTUS SINGAPORE PTE. LTD'S OBJECTIONS AND RESPONSES TO HPE'S FIRST SET OF PRODUCTION REQUESTS (Nos. 1-48)**

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Kaytus Singapore PTE. LTD. ("Kaytus") responds as follows to plaintiff Hewlett Packard Enterprise Company's ("HPE's") First Set of Requests for Production of Documents and Things to Defendants, served on July 9, 2024.

## GENERAL OBJECTIONS

1. Kaytus objects to HPE's instructions, definitions, and requests to the extent that they seek to impose on Kaytus discovery obligations that exceed or are inconsistent with the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of California ("Local Civil Rules"), any agreement by the parties, Orders of the Court, and/or other applicable rules.

2. Kaytus objects to each request because the Court lacks personal jurisdiction over Kaytus.

3. Kaytus objects to each request because there are pending motions to dismiss the claims in this action before the Court, and as a result, discovery has not properly commenced.

4. Kaytus objects to each request as unduly burdensome, overly broad, and oppressive to the extent that it seeks more than a single copy of the same, identical document.

5. Kaytus objects to each request to the extent that it seeks documents and things that are not in Kaytus's possession, custody, or control.

6. Kaytus objects to each request to the extent that it seeks the production of documents and things that cannot be located after a good-faith, reasonable inquiry.

7. Kaytus objects to each request to the extent that it seeks information that is not relevant to any party's claims or defenses, or is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

8. Kaytus objects to any request that is not reasonably particular.

9. Kaytus objects to any request that calls for documents, things, and/or information concerning products that: (i) are the subject of current research and development efforts; or (ii) are not yet commercially available.

10. Kaytus objects to each request to the extent that the request seeks disclosure of

information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from discovery, including common interest or joint defense privileges. Any documents or materials requested that are excludable from discovery as constituting such privileged or protected information shall not be produced. A log of withheld documents that are otherwise responsive will be prepared consistent with the requirements of the Federal Rules of Civil Procedure, Orders of the Court, and/or other applicable rules.

11. Kaytus objects to HPE's requests to the extent that they require Kaytus to disclose information in violation of a legal or contractual obligation of nondisclosure or confidentiality to a third party, including but not limited to information covered by protective orders.

12. Kaytus objects to each definition, instruction, and request to the extent that it seeks documents that are unreasonably cumulative or duplicative, that are publicly available, that are already in the possession, custody, or control of HPE or its counsel, that are of no greater burden for HPE to obtain than for Kaytus, that are obtainable from some other source that is more convenient, less burdensome, less expensive, or that are otherwise more appropriately requested from another party or non-party.

13. Kaytus objects to any instruction or request as unduly burdensome to the extent that it requires the production of documents, information, and things to correspond to a particular production request to which they may be responsive. Kaytus will produce documents as they are kept in the ordinary course of business. *See* Fed. R. Civ. P. 34(b)(2)(E)(i).

14. Kaytus objects to HPE's requests to the extent they seek electronic information stored on storage devices that are not operable for day-to-day use as not reasonably accessible, and as calling for information that is not reasonably accessible because of undue burden or cost.

15. Kaytus objects to HPE's requests as premature to the extent that they concern or rely on claim constructions, contentions, or expert discovery before the dates for such discovery

that are set by the Court.

16. Kaytus objects to any request that is premature to the extent that a response to the request would rely on fact discovery and expert discovery that remains to be completed.

17. Kaytus objects to these requests to the extent they seek expert discovery protected under Fed. R. Civ. P. 26(b)(4).

18. Kaytus objects to each request as unduly burdensome, overly broad, and oppressive to the extent it is not limited in time. To the extent that Kaytus responds by identifying, offering to produce, or producing documents, it shall not be construed as a waiver of this objection.

19. Kaytus's use of a term or phrase in its objections and responses to HPE's requests shall not be construed as an admission or adoption of any definition or construction of any patent claim term or phrase.

20. Kaytus objects to identifying or producing any documents, data, things, or information that predates the issuance of the first-issued Asserted Patent.

21. Kaytus objects to HPE's use of terms that are subject to multiple interpretations or are otherwise vague, ambiguous or unintelligible. Kaytus's responses are based on its interpretation of terms, which may differ from HPE's interpretation. Kaytus reserves the right to supplement, amend, or modify their responses, including their objections, in the event a dispute arises over the meaning of a term.

22. To the extent that Kaytus uses a word defined by HPE in its responses to HPE's requests, Kaytus uses the word according to the ordinary meaning of the word (and without adopting a particular construction of any claim term or phrase) and as consistent with the objections set forth herein. Kaytus's responses are based on its interpretation of terms, which may differ from HPE's interpretation. Kaytus reserves the right to supplement, amend, or

modify its responses, including its objections, in the event a dispute arises over the meaning of a term.

23. By identifying, offering to produce, and/or producing a document, Kaytus does not admit that the document is relevant or admissible at a hearing or trial, e.g., as authentic or as falling within any exemption or exception to the hearsay rule.

24. By identifying, offering to produce, and/or producing a document, Kaytus does not waive its right to withhold or claw back any portion of the document that is irrelevant, privileged, or in any way immune from discovery.

25. When Kaytus responds by identifying or offering to produce a document, that response should be construed to mean that Kaytus has produced or will produce responsive, relevant, non-privileged, properly discoverable documents if they are found to exist after a reasonable search of locations where they are expected to be kept in the ordinary course of business.

26. When Kaytus responds by identifying or offering to produce a document, that response should be construed to mean that Kaytus will produce at most one responsive, relevant, non-privileged, properly discoverable copy of such a document regardless of the number of requests to which it may respond.

27. Kaytus objects to HPE's definition of the terms "Defendants," "You," and/or "Your" as overbroad, unduly burdensome, vague, not proportional to the needs of the case, and beyond the scope of discovery to the extent that it places a duty on Kaytus to produce materials beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules, any agreement by the parties, Orders of the Court, and/or other applicable rules. Kaytus further objects to these definitions to the extent they seek documents or information from any entity or person other than Kaytus. Kaytus further objects these definitions as vague and ambiguous

because they fail to identify with any particularity any "predecessors, subsidiaries, parents and affiliates, and all past or present directors, officers, agents, employees, representatives, consultants, attorneys, and any other person or entity acting on behalf of any of the foregoing." Kaytus further objects to these definitions because they include "attorneys" which impermissibly encompasses information protected by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections from discovery. For the purposes of these objections and responses, Kaytus interprets the terms "Defendants," "You," and/or "Your" as referring to Defendant Kaytus Singapore PTE. LTD, and its officers, agents, and employees.

28. Kaytus objects to HPE's definition of the term "Accused Products" as overbroad, unduly burdensome, vague and ambiguous, not proportional to the needs of the case, and beyond the scope of discovery because it fails to identify with any particularity any of the "accused products" that HPE alleges to infringe any Asserted Patent. Kaytus further objects to the definition of "Accused Products" because it requires Kaytus to reach one or more legal conclusions regarding what constitutes an "Accused Product." Kaytus further objects to the definition of "Accused Products" to the extent it requests information about products that Kaytus does not design, develop, manufacture, import, or sell. Kaytus further objects to HPE's definition of "Accused Products" to the extent it purports to include every single "device[], component[] and other product[]" accused of infringement, including but not limited to fully assembled products and sub-components thereof." Kaytus further objects to the definition of "Accused Products" to the extent it purportedly encompasses products that are not sold in the United States.

29. Kaytus objects to HPE's requests for "Source Code" as overbroad and unduly burdensome, and because it seeks documents and things beyond computer code. HPE has not demonstrated a need for "Source Code" in this case, nor are there appropriate protections and

safeguards in place for the production and/or inspection of Source Code containing highly sensitive and proprietary information. Kaytus further objects to any requests for Source Code as premature.

30. Kaytus objects to HPE's definition of the terms "Document" as overbroad, unduly burdensome, vague, and beyond the scope of discovery to the extent that it places a duty on Kaytus to produce materials beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules, any agreement by the parties, Orders of the Court, and/or other applicable rules.

31. Kaytus reserves the right to supplement, amend, or modify its responses in accordance with the provisions of Fed. R. Civ. P. 26(e) as it obtains additional information and identifies additional documents.

32. These general objections are incorporated by reference into all individual responses set forth below and will not be restated in each individual response. To the extent a general objection is specifically set forth in response to a request, such general objection is particularly applicable to an aspect of that request. Any failure to repeat all or any part of these general objections in any specific response shall not constitute a waiver or relinquishment of such objection.

33. The general objections above and the objections in the specific responses below are made as to matters that are clearly objectionable on the face of HPE's production requests. Kaytus makes the objections without prejudice to and without waiver of its right to object on any grounds to any of HPE's production requests.

34. Kaytus reserves the right to amend its objections and responses in the future.

Subject to these general objections and the specific objections below, Kaytus responds as follows:

## SPECIFIC RESPONSES

**Production Request No. 1:**

> Documents sufficient to determine the chain of distribution for each Accused Product from April 15, 2018, to the present including manufacturers, distributors, retailers, up to and including the end-use consumers.

**Response to Production Request No. 1:**

See the general objections. Kaytus further objects to this request because the term/phrase "chain of distribution" is vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 2:**

> Documents sufficient to determine third parties that have been involved in or are involved in from April 15, 2018, to the present in the design, development, manufacture, importation, or sale of any Accused Product.

**Response to Production Request No. 2:**

See the general objections. Kaytus further objects to this Request because the scope of the term "involved" is vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 3:**

> Documents sufficient to determine Your organizational structure as it relates to the research, development, engineering, licensing, component sourcing, manufacture, testing, marketing, distribution, sale, and importation of the Accused Products.

**Response to Production Request No. 3:**

See the general objections. Kaytus further objects to this Request because the scope of the term "organizational structure" is vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 4:**

> Documents sufficient to show the relationship between each Defendant, whether through ownership, operations, or otherwise.

**Response to Production Request No. 4:**

See the general objections. Kaytus further objects to this Request to the extent it seeks information about relationships that do not involve Kaytus. Kaytus further objects to this Request because the scope of the term "relationship between each Defendant" is vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 5:**

> Documents sufficient to identify the role of each Defendant in the research, development, engineering, licensing, component sourcing, manufacture, testing, marketing, distribution, sale, and importation of the Accused Products.

**Response to Production Request No. 5:**

See the general objections. Kaytus further objects to this Request to the extent it seeks information about relationships that do not involve Kaytus. Kaytus further objects to this Request because the scope of the term "role" is vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 6:**

> All Documents relating to any name changes of each Defendant, including but not limited to all Documents describing the decision by any Defendant to change the name of any Defendant and the reasons for such change.

**Response to Production Request No. 6:**

See the general objections. Kaytus objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this Request because the scope of the term "describing the decision" is vague and ambiguous. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Documents."

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 7:**

> Documents sufficient to identify any suppliers, including third party suppliers, of components for the Accused Products from April 15, 2018, to the present.

**Response to Production Request No. 7:**

See the general objections.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 8:**

> Documents sufficient to identify all Accused Products that are either imported into the United States or sold in the United States from April 15, 2018, to the present.

**Response to Production Request No. 8:**

See the general objections. Kaytus objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both.

Kaytus further objects to this request because it requires Kaytus to reach one or more legal conclusions regarding what constitutes an "Accused Product." Kaytus further objects to this request as premature because it seeks to contravene the timing of the Federal Rules of Civil Procedure, the Local Civil Rules, the procedural schedule set by this Court, and/or other applicable rules.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 9:**

> For each Accused Product, Documents sufficient to show on a product-by-product basis, from April 15, 2018, to the present:
>
> (a) the volume of sales in the United States by month, expressed in both dollars and units, from April 15, 2018, to present;
>
> (b) the annual volume of imports into the United States by month, expressed in both dollars and units, from April 15, 2018, to present;
>
> (c) the cost of goods sold for the product from April 15, 2018, to present;
>
> (d) the approximate dates on which You began production and ceased production (if applicable) of the product;
>
> (e) the sales price from You to Your customer(s); and
>
> (f) the retail price for which the product is sold to a consumer in the United States.

**Response to Production Request No. 9:**

See the general objections. Kaytus objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request because it requires Kaytus to reach one or more legal conclusions regarding what constitutes an "Accused Product." Kaytus further objects to this request to the extent it asks Kaytus to compile information, rather than collect documents, in a manner other than how those documents are kept in the ordinary course of business.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 10:**

For each Accused Product, Documents sufficient to determine:

(a) all product, model, and design numbers; and

(b) all brand names, marketing names, part numbers, internal designations and/or code names, external designations, and other unique designations.

**Response to Production Request No. 10:**

See the general objections. Kaytus further objects to this Request because the scope of the term "unique designations" is vague and ambiguous. Kaytus further objects to this request because it requires Kaytus to reach one or more legal conclusions regarding what constitutes an "Accused Product." Kaytus further objects to this request to the extent it asks Kaytus to compile information, rather than collect documents, in a manner other than how those documents are kept in the ordinary course of business.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 11:**

Two physical samples of each Accused Product.

**Response to Production Request No. 11:**

See the general objections. Kaytus further objects to this request as overbroad and unduly burdensome to the extent it requests accused products manufactured and/or sold by other defendants or third parties. Kaytus further objects to this request to the extent it seeks the production of samples that are publicly available for sale in the United States, and thus equally

available to Plaintiff.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 12:**

> Documents sufficient to show the research, design, and development of the Accused Products from April 15, 2018, to the present.

**Response to Production Request No. 12:**

See the general objections.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 13:**

> The bill of materials for each Accused Product.

**Response to Production Request No. 13:**

See the general objections. Kaytus further objects to this request to the extent it seeks "each" bill of materials for an "Accused Product" as duplicative, overly broad, and/or unduly burdensome.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 14:**

> All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable access to a serial port of a computer over a network and/or a serial over LAN function.

**Response to Production Request No. 14:**

See the general objections. Kaytus further objects to this request on the grounds that: i) it is overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Documents"; ii) it requests "Source Code"; and iii) it seeks public information already in HPE's possession, custody, or control. Kaytus further objects to this request because the terms/phrases "enable access" and "serial over LAN function" are vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 15:**

> All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable the determination of power consumption of devices coupled to a network.

**Response to Production Request No. 15:**

See the general objections. Kaytus further objects to this request on the grounds that: i) it is overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Documents"; ii) it requests "Source Code"; and iii) it seeks public information already in HPE's possession, custody, or control. Kaytus further objects to this request because the terms/phrases "determination of power consumption" and "devices coupled to a network" are vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 16:**

> All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable a processor of a second computer system to emulate a mass storage device of a first computer system.

**Response to Production Request No. 16:**

See the general objections. Kaytus further objects to this request on the grounds that: i) it is overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Documents"; ii) it requests "Source Code"; and iii) it seeks public information already in HPE's possession, custody, or control. Kaytus further objects to this request because the terms/phrases "enable a process" and "emulate a mass storage device" are vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 17:**

> All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable an array controller configured to process a configuration task in response to a user selection.

**Response to Production Request No. 17:**

See the general objections. Kaytus further objects to this request on the grounds that: i) it is overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Documents"; ii) it requests "Source Code"; and iii) it seeks public information already in HPE's possession, custody, or control. Kaytus further objects to this request because the terms/phrases "enable an array controller" and "process a configuration task" are vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 18:**

> All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable a chip comprising an embedded processor that is programmable to function as a manageability web server.

**Response to Production Request No. 18:**

See the general objections. Kaytus further objects to this request on the grounds that: i) it is overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Documents"; ii) it requests "Source Code"; and iii) it seeks public information already in HPE's possession, custody, or control. Kaytus further objects to this request because the terms/phrases "enable a chip" and "programmable to function as a manageability web server" are vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 19:**

> All Documents, including but not limited to Source Code, that describe or relate to any baseband management controller or BMC (including but not limited to the ASPEED AST2500, AST2520, AST 2600, AST2620, AST2700, AST2750, and Pilot 4) used in any Accused Product.

**Response to Production Request No. 19:**

See the general objections. Kaytus further objects to this request on the grounds that: i) it is overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Documents"; ii) it requests "Source Code"; and iii) it seeks public information already in HPE's possession, custody, or control. Kaytus further objects to this request because the terms/phrases "enable a chip" and "programmable to function as a manageability web server" are vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 20:**

> All Source Code for all versions of the ISPIM software authored or made available to customers between April 15, 2018, and the present.

**<u>Response to Production Request No. 20:</u>**

See the general objections. Kaytus further objects to this request on the grounds that: i) it is overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Source Code"; and ii) it requests "Source Code." Kaytus further objects to this request because the term "ISPIM software" is vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**<u>Production Request No. 21:</u>**

> All manuals, datasheets, instruction sheets, product guides, user guides, design notes, design guides, and product manuals for each Accused Product including but not limited to manuals, datasheets, instruction sheets, product guides, user guides, design notes, design guides, and product manuals published for external use, internal use, and/or those that are shared between partner companies.

**<u>Response to Production Request No. 21:</u>**

See the general objections. Kaytus further objects to this request because the term/phrase "published for external use, internal use, and/or those that are shared between partner companies" is vague and ambiguous. Kaytus further objects to this request on the grounds that: i) it is overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll manuals, datasheets, instruction sheets, product guides, user guides, design notes, design guides, and product manuals"; and ii) it seeks publicly available documents, which are equally accessible to HPE, or documents that are in HPE's possession or control.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**<u>Production Request No. 22:</u>**

> Documents shared with You by Your suppliers pertaining to the components for the Accused Products.

**<u>Response to Production Request No. 22:</u>**

See the general objections. Kaytus further objects to this request because the terms/phrases "pertaining to the components" and "shared with You" are vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**<u>Production Request No. 23:</u>**

> Documents sufficient to show, for each Accused Product, features and functionalities that are advertised or marketed to consumers in the United States including, but not limited to features and functionalities identified in the Complaint, and/or features and functionalities identified in HPE's infringement contentions.

**<u>Response to Production Request No. 23:</u>**

See the general objections. Kaytus further objects to this request because the term/phrase "features and functionalities" is vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**<u>Production Request No. 24:</u>**

> Documents relating to any reports, analyses, surveys, studies, or forecasts of the market for, consumers of, or industry competition with the Accused Products.

**<u>Response to Production Request No. 24:</u>**

See the general objections. Kaytus further objects to this request because the terms/phrases "forecasts of the market" and "industry competition" are vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce

documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 25:**

> Documents related to the frequency of use or popularity of components, technologies, or features of the Accused Products.

**Response to Production Request No. 25:**

See the general objections. Kaytus further objects to this request because the terms/phrases "frequency of use," and "popularity of components, technologies, or features," are vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 26:**

> Documents You intend to rely on regarding damages in this action, including any Documents relating to lost profits, the royalty rate, royalty base and relevant licenses.

**Response to Production Request No. 26:**

See the general objections. Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request as premature.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 27:**

> All Documents and things related to the level of knowledge, education, schooling, experience, expertise, or relevant technical skill of a person having ordinary skill in the art related to the asserted claims of each of the Asserted Patents.

**Response to Production Request No. 27:**

See the general objections. Kaytus further objects to this request on the grounds that: i) it is overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things"; and ii) it seeks publicly available documents, which are equally accessible to HPE, or documents that are in HPE's possession or control.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 28:**

> All Documents and things related to Your construction of each claim term, element, or limitation that You contend requires a claim construction, including but not limited to all extrinsic evidence supporting Your construction of each claim limitation.

**Response to Production Request No. 28:**

See the general objections. Kaytus further objects to this request on the grounds that: i) it is overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things"; and ii) it seeks publicly available documents, which are equally accessible to HPE, or documents that are in HPE's possession or control. Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request as premature.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 29:**

> All Documents and things related to the circumstances surrounding when You first became aware of the existence of each of the Asserted Patents, including how You became aware of each patent and the identity of the specific individual(s) who first became aware of each patent.

**Response to Production Request No. 29:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request because the term/phrase "circumstances surrounding" is vague and ambiguous.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 30:**

> All Documents and things relating to any consideration, inspection, testing, or analysis concerning whether any Accused Product is within the scope of any claim of the Asserted Patents.

**Response to Production Request No. 30:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request because it is not limited in time. Kaytus further objects to this request insofar as it seeks premature disclosure of contentions and/or opinions.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 31:**

> Documents sufficient to show any design changes that were considered or are currently being considered from August 11, 2021 to the present for the Accused Products in response to any Communication from Plaintiff, the Complaint, or any Asserted Patent.

**Response to Production Request No. 31:**

See the general objections. Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 32:**

> All Documents and things relating to any alleged non-infringing alternatives to the inventions of the Asserted Patents.

**Response to Production Request No. 32:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request insofar as it seeks premature disclosure of contentions and/or opinions.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 33:**

> All Documents and things relating to any design around or steps taken by You to mitigate or avoid infringement of the Asserted Patents.

**Response to Production Request No. 33:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request

insofar as it seeks premature disclosure of contentions and/or opinions.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 34:**

> All Documents and things related to or evidencing any of Your contentions in this litigation that the claims at issue are not directly infringed.

**Response to Production Request No. 34:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request insofar as it seeks premature disclosure of contentions and/or opinions.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 35:**

> All Documents and things related to or evidencing any of Your contentions in this litigation that You do not induce infringement of any of the asserted claims for any reason other than a contention that there is no direct infringement.

**Response to Production Request No. 35:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request insofar as it seeks premature disclosure of contentions and/or opinions.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 36:**

> All Documents and things related to or evidencing any of Your contentions that You do not contribute to the infringement of any of the asserted claims for any reason other than a contention that there is no direct infringement.

**Response to Production Request No. 36:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request insofar as it seeks premature disclosure of contentions and/or opinions.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 37:**

> All Documents and things related to Your contention that the Asserted Patents are invalid.

**Response to Production Request No. 37:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request insofar as it seeks premature disclosure of contentions and/or opinions.

Subject to and without waiving any objection, Kaytus will not search for or produce

documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 38:**

> All Documents and things relating to any secondary consideration or other objective evidence of non-obviousness of the Asserted Patents, including but not limited to any long-felt need, failure of others, commercial success, copying of the claimed invention by others, unexpected or superior results from the claimed invention, licensing or praise by others, criticism by others, or any other objective indicia of non-obviousness.

**Response to Production Request No. 38:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request to the extent it attempts to shift the burden of demonstrating objective indicia of non-obviousness from HPE to Kaytus. Kaytus further objects to this request insofar as it seeks premature disclosure of contentions and/or opinions.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 39:**

> All Documents and things concerning Prior Art to the Asserted Patents, whether or not You believe that the Prior Art invalidates any claim of the Asserted Patents, including without limitation all Documents and things concerning Prior Art searches performed by You or on Your behalf.

**Response to Production Request No. 39:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the

attorney-client privilege, work-product immunity, or both.  Kaytus further objects to this request insofar as it seeks premature disclosure of contentions and/or opinions.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus.  Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 40:**

> All Documents and things concerning any formal, informal, written, or oral opinion, report, study, analysis, review, conclusion, or observation concerning the invalidity, noninfringement, or unenforceability of any of the Asserted Patents.

**Response to Production Request No. 40:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both.  Kaytus further objects to this request insofar as it seeks premature disclosure of contentions and/or opinions.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus.  Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 41:**

> All Documents and things related to or evidencing any affirmative defense You have pled or intend to plead in this litigation.

**Response to Production Request No. 41:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both.  Kaytus further objects to this request

insofar as it seeks premature disclosure of contentions and/or opinions.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 42:**

> All licensing agreements to which You are or have been a party that relate to the Accused Products.

**Response to Production Request No. 42:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll licensing agreements." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 43:**

> All Documents relating to or containing a patent policy or patent licensing policy for any Defendant.

**Response to Production Request No. 43:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll licensing agreements." Kaytus further objects to this request as overly broad and unduly burdensome because it is not reasonably calculated to lead to the discovery of evidence related to any claims or defenses at issue in this litigation. Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 44:**

All Documents and things that You intend to offer into evidence at trial in this matter.

**Response to Production Request No. 44:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request insofar as it seeks premature disclosure of contentions and/or opinions.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 45:**

All Documents and things relating to HPE and/or the Asserted Patents, including meetings between You and HPE, Documents exchanged between You and HPE, and Documents exchanged between You and Third Parties regarding HPE, the Asserted Patents, and/or the litigation.

**Response to Production Request No. 45:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request to the extent it seeks documents which are equally accessible to HPE, or documents that are in HPE's possession or control.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 46:**

> Any witness statements, declarations, or transcripts of any trial testimony, including exhibits, ever given in any proceeding either by any person You expect to call as a witness in connection with this matter or concerning any of the Accused Products.

**Response to Production Request No. 46:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it seeks "statements, declarations, or transcripts" of proceedings unrelated to the products and patents at issue in this litigation. Kaytus further objects to this request to the extent it seeks the production of material subject to confidentiality or otherwise protected from disclosure. Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both. Kaytus further objects to this request insofar as it seeks premature disclosure of contentions and/or opinions

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 47:**

All Documents and things relating to this litigation obtained from third parties.

**Response to Production Request No. 47:**

See the general objections. Kaytus further objects to this request on grounds that: i) it is overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Document and things"; ii) it is overly broad and unduly burdensome to the extent it seeks information "relating to this litigation"; and iii) it fails to specify with particularity the documents and

information sought by the request. Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

**Production Request No. 48:**

> All Documents concerning Defendants' Document maintenance, retention and/or destruction policies, including all Document maintenance, retention and/or destruction policies concerning electronic Documents and emails.

**Response to Production Request No. 48:**

See the general objections. Kaytus further objects to this request as overly broad and unduly burdensome to the extent it requires Kaytus to produce "[a]ll Documents." Kaytus further objects to this request because it seeks disclosure of information protected by the attorney-client privilege, work-product immunity, or both.

Subject to and without waiving any objection, Kaytus will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus. Kaytus will supplement this response, if necessary, after the motions to dismiss are resolved.

Dated: August 8, 2024 HAUG PARTNERS LLP

By: */s/ Robert E. Colletti*

Edgar H. Haug
Robert E. Colletti
HAUG PARTNERS LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500
Email: EHaug@haugpartners.com
Email: RColletti@haugpartners.com

Sasha G. Rao

Nixon Peabody LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel: 415-984-8200
Fax: 415-984-8300
Email: srao@nixonpeabody.com

*Attorneys for Defendant*
*KAYTUS SINGAPORE PTE. LTD.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 8th day of August 2024, all counsel of record who are deemed to have consented to electronic services are being served with a copy of this Document via email. Any other counsel of record will be served by first class mail.

*/s/ Robert E. Colletti*