**DLA Piper LLP (US)**
4365 Executive Drive #1100
San Diego, CA 92121
www.dlapiper.com

Sean Cunningham
sean.cunningham@dlapiper.com
T 619.699.2900
F 858.677.1401

October 4, 2024
*VIA ECF*

Honorable Jon S. Tigar, U.S.D.J
United States District Court, Northern District of California
Oakland Courthouse
Courtroom 6–2nd Floor
1301 Clay Street, Oakland, CA 94612

**Re: *Hewlett Packard Enterprise Co. v. Inspur Group Co., Ltd., et al.* (4:24-cv-02220-JST)
Discovery Dispute**

Dear Judge Tigar:

Pursuant to Paragraph H of the Court's May 1, 2024 Standing Order, Plaintiff Hewlett Packard Enterprise Company ("HPE") and Defendant Kaytus Singapore PTE. Ltd. ("Kaytus") submit this joint letter regarding a discovery dispute between the parties.

**<u>HPE's Position</u>: Discovery Is Open, So Kaytus Must Participate In Discovery**

HPE requests that Kaytus be compelled to participate in discovery. On July 9, 2024, HPE served requests for production on Kaytus. *See* Ex. A. On August 8, Kaytus served written objections, stating for each RFP that it "will not search for or produce documents until the Court resolves all motions to dismiss filed by Kaytus." Ex. B at 8-30. Kaytus thereafter filed a motion to dismiss for lack of personal jurisdiction, which is set for hearing on October 17. Dkt. Nos. 85, 88, 91, 93.

On September 4, HPE asked Kaytus to withdraw its objections and explained that "'[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.'" Ex. C (citing *SVB Financial Group v.* Federal *Deposit Insurance Corp.*, No. 23-cv-06543-BLF, 2024 WL 1898439, at *1 (N.D. Cal. Apr. 29, 2024)). Following two video calls on September 23 and 25, Kaytus maintained its refusal to produce documents until after its motion to dismiss is resolved. *See* Exs. D, E. HPE therefore respectfully requests the Court's assistance in obtaining discovery from Kaytus.

Kaytus' sole reason for refusing to participate in discovery is its pending motion for lack of personal jurisdiction. But a Rule 12 motion does not automatically stay discovery. *See SVB Financial Group,* 2024 WL 1898439, at *1. And contrary to Kaytus' position, that rule applies regardless of whether the motion is brought under Rule 12(b)(2) or 12(b)(6). *See Tavantzis v. Am. Airlines, Inc.*, No. 23-cv-05607-BLF, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024) (denying a stay while a 12(b)(2) was pending); *Callahan v. Equifax Info. Servs. LLC,* No. C 13-2181 WHA, 2013 WL 4425852, at *2 (N.D. Cal. Aug. 15, 2013) (ordering jurisdictional

discovery and noting "this will not be interpreted as a *de facto* stay of other discovery" despite the pending 12(b)(2) motion).

The decisions Kaytus cites do not support its position. *See* Ex. D. Kaytus cites *Perez v. Nash*, No. 2:21-cv-00075-RFB, 2024 U.S. Dist. LEXIS 89786, at *7 (D. Nev. May 17, 2024), a District of Nevada decision where the allegations "arose out of [plaintiff's] incarceration in … Arizona." Kaytus cites a second District of Nevada decision, *Grand Canyon Skywalk Dev. LLC v. Steele*, No. 2:13-cv-00596, 2014 WL 60216, at *5 (D. Nev. Jan. 6, 2014), that concerned a construction dispute on tribal territory in Arizona that the defendants argued should be adjudicated before the Tribal Court. Here, HPE alleges infringement this District and throughout the United States. Dkt. Nos. 1, 91. Additionally, Kaytus cites *Om Recs., LLC v. Developpement*, No. 23-cv-04506-JSW, 2024 WL 1772850, at *2 (N.D. Cal. Apr. 23, 2024), but that case involved *forum non conveniens* and objections to depositions that could violate French and EU law—circumstances that are not present here. Finally, *Stussy, Inc. v. Shein*, No. 8:22-cv-00379, 2022 WL 17363898, at *6 (C.D. Cal. Sept. 23, 2022), is inapposite because (unlike this district) the Central District does not have local patent rules setting default deadlines, and because the foreign defendants were served the operating complaint only one month prior to the stay order and had not yet filed 12(b)(2) motions. This action has been pending for nearly six months. Dkt. No. 1.

Kaytus' refusal to participate in discovery prejudices HPE, including by delaying this case and the resolution of Kaytus' ongoing infringement. Kaytus' inaction also hampers HPE's ability to formulate fulsome damages contentions as required by LPR 3-8 and timely amend its infringement contentions as required by LPR 3-6.

Kaytus has suggested it would win a motion for protective order (Ex. D), but it has not filed one, choosing instead to try to grant itself a stay. Even if Kaytus had filed such a motion, Kaytus could not meet the good cause standard. *See* Fed. R. Civ. P. 26(c)(1). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Tavantzis v. Am. Airlines, Inc.*, 2024 U.S. WL 812012, at *1. When a dispositive motion is pending, courts in this District grant a stay only if the pending motion (1) is potentially dispositive of the case and (2) can be decided absent discovery. *Power Integrations, Inc. v. Chan-Woong Park, No.* 16-cv-02366-BLF, 2016 WL 10859441, at *3 (N.D. Cal. Dec. 2, 2016). Courts should deny the stay if a "preliminary peek" at the merits reveals a reasonable dispute. *Id.*; *see also Wenger v. Monroe*, 282 F.3d 1067, 1077 (9th Cir. 2002) ("A district court may … stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."); *Adams v. AllianceOne, Inc.*, No. 08-cv-0248-JAH, 2008 WL 11336721, at *2 (S.D. Cal. Oct. 22, 2008) (denying protective order and stay where the jurisdictional challenge had no "immediate and clear possibility of success").

A "preliminary peek" at Kaytus' motion to dismiss shows it is unlikely to succeed. Kaytus admits it "licenses the use of its trademark to Aivres," its co-defendant that sells accused products under the Kaytus brand name. Dkt. No. 85 at 1. As HPE demonstrated in opposing Kaytus' motion to dismiss, that fact supports HPE's stream of commerce theory because Kaytus must exert some control over Aivres' use of the marks and over the quality of Aivres' infringing goods, lest the trademark be abandoned. Dkt. No. 91 at 5-6. Kaytus did not rebut that argument. Dkt. No. 93 at 9. As evidenced by its own website, Kaytus actively supports and induces infringement by offering warranty support to U.S. customers. Dkt. No. 93 at 12. Kaytus baldly disputes HPE's warranty-related allegation in this joint letter, but its 12(b)(2) briefing and supporting affidavit are silent on this issue. *See* Dkt. 85, 85-3, 93. Even if the Court does not deny Kaytus' motion outright, HPE has requested jurisdictional discovery in the alternative. Dkt. No. 91 at 1-2. Courts in this District have found that the need for jurisdictional discovery is no reason to prevent full discovery from proceeding. *See Callahan*, 2013 WL 4425852, at *2. This is especially true where, as here, a "preliminary peek" revleas that the pending jurisdictional challenge is not "entirely meritorious." *See Power Integrations*, 2016 WL 10859441, at *2.

In sum, because Kaytus has no basis to refuse to participate in discovery, HPE respectfully requests the Court's guidance in the appropriate next steps for compelling Kaytus to respond to HPE's RFPs and to immediately begin producing responsive documents.

**Kaytus' Position: The Court Lacks Personal Jurisdiction Over Kaytus, and Motion Practice is Unnecessary Because the Court will Resolve the Dispute on October 17**

The central issue in this dispute is whether Kaytus ("KS") should be required to engage in the costly, disruptive, and burdensome process of collecting, reviewing, and producing documents while a threshold jurisdictional question remains unresolved and the Court will hear that motion in a matter of weeks.

Additionally, HPE's position assumes that a discovery schedule has already been dictated by the initial Case Management Conference ("CMC"). But the Court has not set a discovery schedule, and rescheduled the CMC for November 5. HPE presumes that several major deadlines will already have occurred by November 5, before the Court has had a chance to decide on a discovery schedule, and while at least two defendants may still have jurisdictional motions pending.

On August 26, 2024, KS filed its Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2). Dkt. 85. The Motion was supported by a declaration from Mr. Chen, the director of KS, stating that, among other things, KS: i) has no property or employees in California; ii) does not manufacture, import, or sell products in California; iii) operates independently of the other

defendants; and iv) derives no income from business conducted in the state of California. Dkt. 85-3. This pending motion to dismiss is fully dispositive of all claims against KS.

Courts routinely recognize that motions challenging personal jurisdiction weigh strongly in favor of staying discovery. *See, e.g.*, *Perez v. Nash*, No. 2:21-cv-00075-RFB-MDC, 2024 U.S. Dist. LEXIS 89786, at *8 (D. Nev. May 17, 2024) ("A Motion Challenging Personal Jurisdiction Strongly Favors a Stay"); *Om Recs., LLC v. Developpement*, No. 23-cv-04506-JSW, 2024 U.S. Dist. LEXIS 73959, at *5 (N.D. Cal. Apr. 23, 2024) (staying discovery pending the court's resolution of defendants' motions to dismiss).

"[M]otions to dismiss based on lack of personal or subject matter jurisdiction, or immunity from suit raise issues that call for a different standard as to whether discovery should be stayed. A defendant should not be required to participate in burdensome and costly discovery in a forum that has no jurisdiction over him or in a lawsuit brought in any forum when he is immune from suit as a matter of law." *Grand Canyon Skywalk Dev. LLC v. Steele*, No. 2:13-cv-00596-JAD-GWF, 2014 U.S. Dist. LEXIS 1550, at *11 (D. Nev. Jan. 6, 2014). Courts have broad discretion to stay discovery while a dispositive motion is pending, and this Court can and should stay discovery against KS without a motion. *See, e.g.*, *Stussy, Inc. v. Shein*, 2022 U.S. Dist. LEXIS 219209, *17-18 (C.D. Cal. Sept. 23, 2022).

In its opposition to KS's Motion to Dismiss, HPE requested "the Court grant leave to conduct limited jurisdictional discovery." Dkt. 91 at 15. But any request for limited "jurisdictional discovery" inherently implies that full discovery is premature. Courts in this district, or elsewhere, would never need to order jurisdictional discovery if foreign defendants were automatically and immediately responsible for producing the full scope of all issued requests for production, even while a jurisdictional motion to dismiss was pending, as Plaintiff argues. *See, e.g.*, *Forouhar v. Statoil ASA*, No. C 10-3623 SBA, 2011 U.S. Dist. LEXIS 103202, at *5 (N.D. Cal. Sep. 12, 2011) (ordering limited jurisdictional discovery); *see also Lang Van, Inc. v. VNG Corp.*, 669 F. App'x 479, 480-81 (9th Cir. 2016) ("the district court may exercise its discretion to manage jurisdictional discovery as appropriate.").

HPE suggests that if the Court were to order jurisdictional discovery, there would be no reason not to allow full discovery. But the cited cases articulate the exception, not the rule. Certainly, the Court has authority to order discovery, even while a motion to dismiss remains pending. However, the case law does *not* suggest that discovery should continue irrespective of the merits of a pending motion to dismiss. *See, e.g.*, *Power Integrations, Ink. v. Chan-Woong Park*, No. 5:16-cv-02367-EJD, 2016 U.S. Dist. LEXIS 147879, at *5 (N.D. Cal. Oct. 24, 2016) (expressing skepticism about whether defendants arguments were "meritorious"). Instead, the Court should allow an appropriate level of discovery after considering the merits of KS's motion. HPE's argument that discovery should commence in full, regardless of the merits of the motion, is

contradicted by its own case law, and the "preliminary peek" that both parties appear ready for the Court to take.

Here, a "preliminary peek" will reveal a Complaint with no supportable factual allegations tying KS to activities in the United States (or California). Although this letter is not the appropriate vehicle for arguing the merits of the motion to dismiss, a brief response to HPE's mischaracterizations of the motion is warranted. First, although KS does license the KAYTUS trademark, there is no evidence that KS exerts any control over licensed products sold in the United States. Nor has HPE cited any cases suggesting that a trademark agreement alone can support a stream-of-commerce theory of personal jurisdiction. Second, KS does not provide warranty support to United States customers. To the contrary, all of the evidence in the Complaint, and in HPE's briefing, suggests that KS does not support products bearing the KAYTUS trademark in the United States

At the upcoming hearing on October 17, the Court will have an opportunity to conduct a "preliminary peek" into the merits of KS's motion. KS believes this preview will demonstrate that the motion has substantial merit, and as such, a Protective Order is warranted. KS has not filed a Motion for Protective Order at this time because the hearing on October 17 is likely to resolve this issue before briefing on such a motion could be completed. However, if the Court believes a Motion for Protective Order is necessary, KS will file that motion. Plaintiff's desire to file a motion to compel discovery just weeks before a hearing on the substantive issues would be inefficient.

KS respectfully requests that the Court address the scope of discovery at the October 17 hearing. To the extent HPE is concerned about disclosures under LPR 3-and LPR 3-6—assuming these deadlines are in effect—KS will not oppose any reasonable extensions that HPE may need in the future.

The Parties would welcome a conference with the Court to discuss these issues.

Sincerely,
*/s/ Sean C. Cunningham*
Sean Cunningham
DLA Piper LLP
Counsel for HEWLETT PACKARD ENTERPRISE COMPANY

*/s/ Robert E. Colletti*
Robert E. Colletti
Haug Partners LLP
Counsel for Defendant KAYTUS SYSTEMS PTE. LTD.

DLA PIPER



**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 4, 2024

*/s/ Sean C. Cunningham*
Sean C. Cunningham