# EXHIBIT D

HAUG
PARTNERS

Haug Partners LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
+1.212.588.0800 Main
haugpartners.com

September 24, 2024

**Robert E. Colletti**
**rcolletti@haugpartners.com**

Angela Whitesell
DLA Piper LLP
1201 N. Market St. Suite 2100
Wilmington, DE 19801-1147

**Re: *Hewlett Packard Enterprise Co. v. Kaytus Systems PTE. LTD.*, 4:24-cv-2200-JST**

Dear Angela:

We write in response to your letter dated September 6, 2024, and the meet-and-confer we had yesterday with your colleague, Helena Kiepura. During the call, we offered to provide, and Ms. Kiepura agreed to review, applicable case law showing that it is appropriate to stay discovery against a foreign defendant when a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction is pending.

By way of background, our client Kaytus Systems PTE. LTD. ("KS") served objections to Plaintiff HPE's first set of requests for production on August 8, 2024. Those responses stated, in substance, that KS would not search for or produce documents until the Court resolves KS's pending motion to dismiss. A month later, on September 6, you wrote a letter with two requests related to the production of documents. Foremost, "as an immediate and pressing matter," you requested "fulsome responses to Requests . . . which are directly relevant to the issue of jurisdiction that will inform HPE's opposition to Kaytus' motion to dismiss." It was not clear to us, upon receipt of your letter, how KS could provide anything meaningful in advance of your filing deadline, and in our view, this request became moot when HPE filed its opposition brief three days later, on September 9, 2024.

Secondarily, your letter also requested KS "promptly produce discovery necessary for HPE's forthcoming damages contentions." We have several issues with this request. First, it is not clear to us that the initial Case Management Conference ("CMC") kickstarted the patent disclosure deadlines under the local rules. HPE's position that the schedule has already been set by the original CMC date is at odds with the Court's decision to schedule a replacement CMC, and its expectation for the parties to discuss and present a schedule at the renewed CMC on November 5. Second, HPE would have had significantly more time to prepare damages contentions had it not prematurely served infringement contentions, and declined to grant defendant's requests for additional time to serve their invalidity contentions (as the date for each disclosure triggers from service of the prior contention). Third, KS, a foreign entity having no contacts with the State of California, should not need to provide discovery related to damages when the Court lacks jurisdiction over KS.

The crux of our dispute concerns whether or not KS should begin the costly, disruptive, and burdensome process of collecting, reviewing, and producing documents while a threshold jurisdictional question remains pending before the Court. During the meet and confer, we asked if HPE had any case

law other than the *SVB Financial* case cited in your letter, and were told that HPE had no other cases in mind, and that no others were likely to be forthcoming. *SVB Financial* is not applicable to this situation, at least because it concerned a motion to dismiss under 12(b)(6), and because it concerned a partial motion to dismiss that would not have disposed of the entire case, even if the motion were fully granted. Under those facts, it is only natural for the court to allow discovery to commence.

Our facts are very different. If KS succeeds in its motion to dismiss, the Court will have had no authority to order KS to participate in discovery. For this reason, "motions to dismiss based on lack of personal or subject matter jurisdiction, or immunity from suit raise issues that call for a different standard as to whether discovery should be stayed. A defendant should not be required to participate in burdensome and costly discovery in a forum that has no jurisdiction over him or in a lawsuit brought in any forum when he is immune from suit as a matter of law." *Grand Canyon Skywalk Dev. LLC v. Steele*, No. 2:13-cv-00596-JAD-GWF, 2014 U.S. Dist. LEXIS 1550, at *11 (D. Nev. Jan. 6, 2014). Moreover, unlike in *SVB Financial,* the pending motion to dismiss is fully dispositive of all claims against KS. *See Om Recs., LLC v. Developpement*, No. 23-cv-04506-JSW, 2024 U.S. Dist. LEXIS 73959, at *5 (N.D. Cal. Apr. 23, 2024) (ordering discovery to be stayed pending the court's resolution of defendants' pending motions to dismiss). If you have contrary case law, please provide it, so that we might reconsider our position.

During the meet and confer, Ms. Kiepura argued that discovery must proceed because KS had not filed a motion for protective order. HPE's assumption that motion practice should precede the initial discussion between counsel has the meet-and-confer process backwards. As we explained on yesterday's call—the first such call to discuss discovery—the applicable case law strongly suggests that under circumstances such as these, the Court would stay discovery. *See, e.g., Perez v. Nash*, No. 2:21-cv-00075-RFB-MDC, 2024 U.S. Dist. LEXIS 89786, at *8 (D. Nev. May 17, 2024) ("A Motion Challenging Personal Jurisdiction Strongly Favors a Stay"). The Court will already have an opportunity to consider HPE's arguments for discovery, including jurisdictional discovery, during the hearing on October 17. Because the Court is likely to decide whether discovery is appropriate long before the briefing on a motion for protective order could be complete (and similarly, HPE's mirrored motion to compel), it makes little sense for the parties to bring competing motions now, just weeks before the motion hearing.

Waiting a few weeks for the Court to decide whether to allow discovery in light of the merits of the motion to dismiss remains the best course of action.

.

Sincerely,
Haug Partners LLP

*/s/ Robert Colletti*
Robert E. Colletti