# EXHIBIT E

**DLA Piper LLP (US)**
500 8th Street NW
Washington, DC, 20004
www.dlapiper.com

Helena D. Kiepura
helena.kiepura@dlapiper.com
T 202.799.4333
F 202.799.5300

September 24, 2024
*Via E-Mail*

Robert E. Colletti
Haug Partners LLP
745 Fifth Avenue
New York, NY 10151

***Hewlett Packard Enterprise Co. v. Inspur Group Co., Ltd. Et al.*, 5:24-cv-2200 (N.D. Cal.)**

**Re: Deficiencies in Kaytus's Initial Responses to HPE's First Set of Requests for Production**

Dear Robert**:**

We write in response to your September 24, 2024 letter, which was a response to my September 6, 2024 letter and the parties' subsequent September 23 meet and confer. HPE's position remains that the parties should engage in full discovery immediately.

First, we do not agree with your summary of the parties' meet and confer. For example, we agreed to consider your case law, and we also agreed to provide additional case law in response to your request that we do so. Both of these requests were made for the first time during our meet and confer yesterday, even though Kaytus has had our letter since September 6.

Second, your case law does not excuse Kaytus' refusal to participate in discovery. Indeed, the two out-of-district cases you cited are contrary to your position. *See Grand Canyon Skywalk Dev. LLC v. Steele*, No. 2:13-cv-00596-JAD-GWF, 2014 U.S. Dist. LEXIS 1550, at *12 (D. Nev. Jan. 6, 2014) ("This does not mean, however, that a defendant is entitled to a stay of discovery anytime he raises issues of jurisdiction or immunity from suit."); *Perez v. Nash*, No. 2:21-cv-00075-RFB-MDC, 2024 U.S. Dist. LEXIS 89786, at *3-4 (D. Nev. May 17, 2024) ("Courts in this District have formulated three considerations in determining whether to stay discovery pending resolution of a potentially dispositive motion: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief."). And *Om Recs., LLC v. Developpment*, No. 23-cv-0450-JSW, 2024 U.S. Dist. LEXIS 73959 (N.D. Cal. Apr. 23, 2024) is distinguishable at least because the procedural posture in that case is different than the case here, where Kaytus has in effect given itself a unilateral stay of discovery through its refusal to participate.

Third, as requested, the Northern District of California has declined in several instances to stay discovery despite a pending 12(b)(2) motion. *E.g., Monterey Bay Military Hous., LLC v. Ambac Assurance Corp.*, No. 17-cv-04992-BLF, 2018 U.S. Dist. LEXIS 173801, at *6-10 (N.D. Cal. Oct. 9, 2018) (denying a motion for relief from a magistrate's order denying a stay of all discovery when a motion to dismiss for lack of personal jurisdiction and failure to state a claim was pending); *Callahan v. Equifax Info. Servs. LLC*, No.

13-cv-2181-WHA, 2013 U.S. Dist. LEXIS 115845, at *6-8 (N.D. Cal. Aug. 15, 2013) (ordering jurisdictional discovery and additional briefing when a motion for lack of personal jurisdiction was pending); *Tavantzis v. American Airlines, Inc.,* No. 23-cv-05607-BLF, 2024 U.S. Dist. LEXIS 31474 at *9 (N.D. Cal. Feb. 23, 2024) (denying a motion to stay all discovery where a motion for lack of personal jurisdiction was pending).

We look forward to speaking with you further at 5:30 p.m. tomorrow evening.

Best regards,

*/s/ Helena D. Kiepura*

Helena D. Kiepura
Counsel for Hewlett Packard Enterprise Company