**DLA Piper LLP (US)**
4365 Executive Drive #1100
San Diego, CA 92121
www.dlapiper.com

Sean C. Cunningham
sean.cunningham@dlapiper.com
T 619.699.2900
F 858.677.1401

October 15, 2024
*VIA ECF*

Honorable Jon S. Tigar, U.S.D.J.
United States District Court, Northern District of California
Oakland Courthouse
Courtroom 6 –2nd Floor
1301 Clay Street, Oakland, CA 94612

**Discovery Dispute: *Hewlett Packard Enterprise Co. v. Inspur Group Co., Ltd. Et al.* (4:24-cv-02220-JST)**

Dear Judge Tigar:

Pursuant to Paragraph H of the Court's May 1, 2024 Standing Order, Plaintiff Hewlett Packard Enterprise Company ("HPE") and Defendant Inspur Group Co. Ltd. ("Inspur Group") submit this joint letter regarding a discovery dispute between the Parties.

**HPE's Position: Discovery Is Open, So Inspur Group Must Participate in Discovery**

HPE seeks guidance on compelling Inspur Group to participate in discovery. On July 9, 2024, HPE served requests for production. *See* Ex. A. On August 8, Inspur Group served written objections, stating for each RFP that "Inspur Group will not search for any Documents" and claiming "this Court lacks personal jurisdiction over Inspur Group." *See* Ex. B at 2-24. Inspur Group thereafter filed a motion to dismiss for lack of personal jurisdiction, or alternatively for failure to state a claim. Dkt. Nos. 84, 88, 92, 95.

On September 4, HPE asked Inspur Group to withdraw its objections, explaining that the Federal Rules "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." Ex. C (citing *SVB Financial Group v. Federal Deposit Insurance Corp.*, No. 23-cv-06543-BLF, 2024 WL 1898439, at *1 (N.D. Cal. Apr. 29, 2024). Following an exchange of emails and a telephone conference on September 26, Inspur Group maintained its refusal to produce any documents until after its motion to dismiss is resolved. Ex. D. HPE therefore respectfully requests the Court's assistance in obtaining discovery from Inspur Group.

Inspur Group's sole reason for refusing to provide discovery is its pending motion to dismiss. Ex. B at 2-24. But a Rule 12 motion to dismiss does not stay automatically stay discovery. *See SVB Financial Group* 2024 WL 1898439, at *1 (denying a stay while a 12(b)(6) motion was pending); *see also Tavantzis v. Am. Airlines, Inc.*, No. 23-cv-05607-BLF, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024) (denying a stay while a 12(b)(2) was pending); *see also Callahan v. Equifax Info. Servs. LLC*, No. C 13-2181 WHA, 2013 WL 4425852, at *2 (N.D. Cal. Aug. 15,

2013) (ordering parameters for jurisdictional discovery and noting "this will not be interpreted as a *de facto* stay of other discovery"). Inspur Group is not in a "Catch-22" to engage in discovery or lose its jurisdictional challenge because HPE has already agreed not to use the fact that Inspur Group produces documents as an argument that it has waived its jurisdictional objections. Ex. E. Inspur Group also conflates jurisdictional discovery with general discovery—to be clear, HPE is not trying to brief the need for jurisdictional discovery via this letter brief; it is asking that Inspur Group comply with its general discovery obligations as a defendant in this case.

Inspur Group's refusal to participate in discovery prejudices HPE, including by delaying this case and the resolution of Inspur Group's ongoing infringement. Inspur Group's inaction also hampers HPE's ability to formulate fulsome damages contentions as required by LPR 3-8 and timely amend its infringement contentions as required by LPR 3-6.

Inspur Group suggested for the first time on a September 26 call that it may file a motion to stay but has not done so in the nearly three months since HPE served discovery requests, choosing instead to try to grant itself a stay. Even if Inspur Group had filed such a motion, it could not meet the good cause standard. Fed. R. Civ. P. 26(c)(1). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Tavantzis*, 2024 U.S. WL 812012, at *1 (citations omitted). Courts in this district grant a request for a stay based on a pending dispositive motion only if it (1) is potentially case dispositive, based on a "preliminary peek" at the merits; and (2) can be decided absent discovery. *Power Integrations, Inc. v. Chan-Woong Park, No.* 16-cv-02366-BLF, 2016 WL 10859441, at *3 (N.D. Cal. Dec. 2, 2016). Courts should deny the stay if a "preliminary peak" at the merits reveals a reasonable dispute. *Id.*; *see also Wenger v. Monroe,* 282 F.3d 1068, 1077 (9th Cir. 2002) ("A district court may … stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.").

A "preliminary peek" at the briefing shows that Inspur Group's motion is unlikely to succeed, and its two conclusory affidavits are far from "uncontroverted." *See* Dkt. 84-1, 95-1, 92. For example, Inspur Group admits that it licenses the INSPUR marks to co-defendants and that it exercises "some control" over product quality. Dkt. 95 at 8. Inspur Group's declarant denies that documents cited in HPE's complaint contain "Inspur Group's contact information or commercial contract terms" (Dkt. 95-1 ¶ 15), yet on their face, the documents plainly state: "the products… you purchase should be subject to Inspur Group's commercial contract and terms." Dkt. No. 92 at 7. Inspur Group also admits to operating inspur.com (Dkt. No. 84-1 at ¶ 12), which until recently (as evidenced by archived versions of that website) provided the same three-year warranty for Inspur-branded products as stated in the technical documents. Dkt. 92 at 7, Dkt. 95 at 3. Together, these facts and others support HPE's stream of commerce theory and show that Inspur Group's motion has no "immediate and clear possibility of success." *Adams v. AllianceOne,* No. 08-cv-0248-JAH, 2008 WL 11336721, at *2 (S.D. Cal. Oct. 22, 2008). And

even if the Court does not deny Inspur Group's motion outright, HPE has asked for jurisdictional discovery in the alternative, and specifically identified evidence that such discovery will reveal. Dkt. No. 92 at 2, 6, 10, 12, 23. Courts in this District have found that the need for jurisdictional discovery is no reason to prevent full discovery from proceeding. *See Callahan,* 2013 WL 4425852, at *2; *Power Integrations,* 2016 WL 10859441, at *2.

The cases Inspur Group cites do not support is position. *Grijalva v. Kevin Mason, P.A.*, No. 18-2010, 2019 WL 9051110, at *4 (C.D. Cal. May 14, 2019) is irrelevant because it addresses a motion to dismiss, not a motion to stay, and the plaintiff did not "identify any specific facts" to support personal jurisdiction. *Stussy, Inc. v. Shein,* No. 8:22-cv-00379, 2022 WL 17363898, at *6 (C.D. Cal. Sept. 23, 2022) and *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 and fn. 7 (S.D. Cal. 2001) are inapposite because neither case had "progressed much," and neither district had local patent rules setting default deadlines (the Southern District adopted patent rules in 2006). This action has been pending for nearly six months, and the parties have already exchanged initial infringement and invalidity contentions. Dkt. No. 1. Finally, neither court in *LG Corp. v. Huang Xiaowen,* No. 16-1162, 2017 WL 2868416, at *1 (S.D. Cal. Feb. 23, 2017) nor *Micron Tech., Inc. v. United Microelectronics Corp.*, No. 17-6932, 2018 WL 7288018, at *2 (N.D. Cal. Mar. 16, 2018) considered the merits of the pending motion, as is practice in this District—in *LG,* because the parties jointly moved for a stay.

In sum, because Inspur Group has no basis to refuse to participate in discovery, HPE respectfully requests the Court's guidance on the appropriate next steps for compelling Inspur Group to respond to HPE's RFPs and to immediately begin producing responsive documents.

**<u>Inspur Group's Position</u>: The Court Lacks Personal Jurisdiction Over Inspur Group, and HPE Cannot Force Inspur Group to Waive Its Personal Jurisdiction Defense.**

Inspur Group has moved to dismiss all of HPE's claims against it for lack of personal jurisdiction. (ECF No. 84.) The motion is fully briefed. Instead of allowing the Court to hear and decide that motion, HPE is trying to force Inspur Group "into the Catch-22 position" of either "participat[ing] in discovery now (thereby waiving [its] lack-of-personal-jurisdiction defense) or be[ing] sanctioned for violating discovery rules and/or court orders." *Stussy, Inc. v. Shein,* No. 22-379, 2022 WL 17363898, at *3 (C.D. Cal. Sept. 23, 2022). While Inspur Group appreciates HPE's agreement not to use Inspur Group's NDCA PLR 3-3 and 3-4 disclosures against Inspur Group for personal jurisdiction purposes, this agreement does not resolve the Catch-22 and is not remotely equivalent to HPE's attempt to take extensive and invasive discovery. The entirety of Inspur Group's PLR 3-3 and 3-4 submission is three sentences indicating that it is (a) adopting the other Defendants' invalidity contentions, (b) has no PLR 3-4 documents beyond what the other Defendants produced and (c) has no sales documents under

PLR 3-4(d) because it has never made, used, sold, offered for sale or imported for sale any of the accused products. All discovery requests to Inspur Group should be “[v]oided.” *Id.*

Inspur Group has no obligation to respond to discovery while its motion to dismiss is pending because no personal jurisdiction exists over it in this case. Courts have “broad discretion to stay discovery in a case while a dispositive motion is pending.” *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977)). And they frequently exercise that discretion when the pending dispositive motion asserts lack of personal jurisdiction. *See, e.g.*, *Grijalva v. Kevin Mason, P.A.*, No. 18-2010, 2019 WL 9051110, at *2 (C.D. Cal. May 14, 2019); *Micron Tech., Inc. v. United Microelectronics Corp.*, No. 17-6932, 2018 WL 7288018, at *2 (N.D. Cal. Mar. 16, 2018); *LG Corp. v. Huang Xiaowen*, No. 16-1162, 2017 WL 2868416, at *1 (S.D. Cal. Feb. 23, 2017). And, while HPE faults Inspur Group for not yet moving to stay discovery, the Court can and should stay discovery without a motion. *See, e.g.*, *Stussy*, 2022 WL 17363898, at *3. Contrary to HPE’s argument, these cases are not limited to their specific facts. And even if they were limited to cases that have not “progressed much,” as HPE argues, then they would still apply here. This case has not progressed much—it is at the pleading stage, as Inspur Group’s motion to dismiss reflects.

A “preliminary peek” at Inspur Group’s motion to dismiss confirms that discovery is unwarranted. *Power Integrations*, 2016 WL 10859441 at *1. To infringe a patent, the accused infringer must make, use, sell, offer for sale or import for sale into the United States the accused product. Inspur Group has provided uncontroverted evidence that it has not made, used, sold, offered for sale or imported for sale any of the accused products. (Dkt. 84-1 ¶ 13, 20, 21, 22, 23, 24, 25; Dkt. 95-1 ¶ 4, 9, 10, 11). Inspur Group has also provided uncontroverted evidence that it has not shipped any of the accused products anywhere in the world. (Dkt. 95-1 ¶ 9). HPE has not cited, and cannot cite, to a case that allows specific personal jurisdiction in a patent case to be based on a stream of commerce theory against a defendant under these circumstances.

Contrary to HPE’s argument, this “preliminary peek” is not “intended to prejudge [the] outcome” of Inspur Group’s motion. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). It is intended only to assess whether: (1) “the pending motion [is] potentially dispositive” and (2) “the pending potentially dispositive motion can be decided without additional discovery.” *Id.* at 602; *accord Power Integrations*, 2016 WL 10859441 at *3. HPE does not and cannot deny that Inspur Group’s motion is potentially dispositive—it is a motion to dismiss all claims against Inspur Group. And, as Inspur Group explained in briefing on its motion to dismiss, the motion can be decided without additional discovery. (ECF No. 95 at 7.) HPE merely requests jurisdictional discovery in a single, conclusory sentence that does not identify what discovery it allegedly needs or why the discovery would be relevant, as required. (*Id.*) (citing ECF No. 92 at

10; *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 865 (9th Cir. 2022); *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 128 (1st Cir. 2022)). In any event, HPE's request for jurisdictional discovery will be decided on Inspur Group's fully briefed motion to dismiss. It should not be decided prematurely through letter briefing.

HPE's cited *SVB* and *Tavantzis* cases do not hold otherwise. Those cases hold that a plaintiff is *not* entitled to jurisdictional discovery while a motion to dismiss is pending that "can be decided without discovery," as Inspur Group's motion can. 2024 WL 1898439, at *3; 2024 WL 812012, at *2. *Tavantzis* confirms that the Court has "wide discretion in controlling discovery" to prevent inefficiency and should at least stay any "non-jurisdictional discovery" while Inspur Group's motion to dismiss is pending. 2024 WL 812012, at *1–2. These cases are also factually distinguishable because *SVB* addresses a motion to partially dismiss not made on personal jurisdiction grounds, 2024 WL 1898439, at *2, and *Tavantzis* addresses discovery in a "personal injury action with two plaintiffs, concerning one event." 2024 WL 812012, at *3. Here, on the other hand, HPE seeks extensive discovery from multiple defendants regarding the alleged infringement of several patents, in response to which Inspur Group has moved to dismiss all of HPE's claims against it on personal jurisdiction grounds and on the merits.

HPE's cited *Power Integrations* and *Callahan* cases are also inapposite. In *Power Integrations*, the court found that the motion to dismiss may not be dispositive of the entire case and allowed jurisdictional discovery *before* the defendant's motion to dismiss was fully briefed. 2016 WL 10859441, at *2. HPE fails to explain how Inspur Group's motion is not dispositive of the entire case here or why HPE needs jurisdictional discovery after it already filed its opposition to Inspur Group's motion. In *Callahan*, the court found it "too early" to rule on a motion to dismiss for lack of personal jurisdiction because the plaintiff had filed evidence showing the defendant had provided a loan to plaintiff in the jurisdiction. 2013 WL 4425852, at *2. HPE has filed no such evidence here. Even then, the *Callahan* court only allowed the plaintiff to serve "six narrowly directed document requests," *id.*, while HPE has propounded 48 overbroad document requests on Inspur Group in this action. Ex. B. Inspur Group should not have to respond to any of those requests while its motion to dismiss for lack of personal jurisdiction is pending.

The Parties would welcome a conference with the Court to discuss these issues.

Sincerely,

*<u>/s/ Sean C. Cunningham</u>*
Sean Cunningham
DLA Piper LLP
Counsel for Hewlett Packard Enterprise Company

<u>/s/*Kevin W. Kirsch*</u>

Kevin W. Kirsch
BakerHostetler LLP
Counsel for Inspur Group Co.  Ltd.

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 15, 2024

*/s/ Sean C. Cunningham*
Sean C. Cunningham