# EXHIBIT B

Kevin W. Kirsch, SBN 166184
kkirsch@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215-4138
T: 614-228-1541
F: 614-462-2616

Attorney for Defendant
INSPUR GROUP CO., LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

HEWLETT PACKARD ENTERPRISE COMPANY

Plaintiff

v.

INSPUR GROUP CO., LTD., et al.

Defendants

Case No. 4:24-cv-02220-JST

INSPUR GROUP CO., LTD.'S OBJECTIONS TO HPE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1–48)

BAKER & HOSTETLER LLP

Under Fed. R. Civ. P. 26 and 34, Defendant Inspur Group Co., Ltd. ("Inspur Group") objects to the First Set of Requests for Production of Documents and Things (Nos. 1–48) served by Plaintiff Hewlett Packard Enterprise Company ("HPE") on July 9, 2024.

## GENERAL OBJECTIONS

1. Inspur Group objects to each request because this Court lacks personal jurisdiction over Inspur Group.

2. Inspur Group objects to HPE's definitions of "Defendants," "you," and "your" to the extent they include any entity or person other than Inspur Group Co., Ltd. Inspur interprets the terms "Defendant," "Defendants," "You," and "Your" to mean solely Inspur Group Co., Ltd.

3. Inspur Group objects to HPE's definitions of "Plaintiff" and "HPE" to the extent they include any other entity or person other than Hewlett Packard Enterprise Company.

4. Inspur Group objects to HPE's definition of "Accused Products" to the extent it purports to include every single "device[], component[] and other product[]" accused of infringement, including but not limited to fully assembled products and sub-components thereof."

5. Inspur Group objects to HPE's definition of "Related Patents" to the extent it purports to include any patent or patent application other than the patents-in-suit or any patent or patent application from which the patents-in-suit claim priority.

6. Inspur Group objects to each definition, instruction, and request to the extent they exceed the requirements of the Federal Rules of Civil Procedure and this Court's local rules.

7. Inspur Group objects to each definition, instruction, and request to the extent they seek information that cannot be provided by Inspur Group without risk of violating Chinese data protection laws, such as the Chinese Data Security Law.

8. Inspur Group objects to each definition, instruction, and request to the extent they seek confidential and/or proprietary business, financial, and/or technical information or trade secrets, the disclosure of which may damage Inspur Group's business, violate the privacy or proprietary rights of others including employees, clients, or business partners of Inspur Group, or breach any duty or regulatory requirement, or violate any agreement or order pursuant to which Inspur Group is precluded from disclosing such information.

9. Inspur Group objects that there is currently no e-discovery protocol in place, and Inspur Group therefore reserves the right to object to requests specific to the format and metadata fields related to e-discovery, as well as any protocols defining how source code will be made available, including without limitation how it will be handled, stored, transported, logged or printed.

Subject to and without waiving its general objections, Inspur Group specifically objects:

## SPECIFIC OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to determine the chain of distribution for each Accused Product from April 15, 2018, to the present including manufacturers, distributors, retailers, up to and including the end-use consumers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that "chain of distribution" and "up to and including" are undefined, vague, and ambiguous. Inspur Group objects that this request seeks documents and things not proportional to the needs of the case, at least because it demands comprehensive documentation about the "chain of distribution" for every "Accused Product." Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

BAKER & HOSTETLER LLP

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to determine third parties that have been involved in or are involved in from April 15, 2018, to the present in the design, development, manufacture, importation, or sale of any Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that "have been involved in or are involved in" is undefined, vague, and ambiguous. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to determine Your organizational structure as it relates to the research, development, engineering, licensing, component sourcing, manufacture, testing, marketing, distribution, sale, and importation of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control. Inspur Group objects that the terms "organizational structure as it relates to" is vague, and ambiguous. Inspur Group objects that it does not engage in "research, development, engineering, licensing, component sourcing, manufacture, testing, marketing, distribution, sale, and importation of the Accused Products."

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the relationship between each Defendant, whether through ownership, operations, or otherwise.

BAKER & HOSTETLER LLP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that the terms "whether through ownership, operations or otherwise" are vague and ambiguous. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify the role of each Defendant in the research, development, engineering, licensing, component sourcing, manufacture, testing, marketing, distribution, sale, and importation of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control. Inspur Group objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case because it seeks multiple broad categories of documents spanning numerous subjects. Inspur Group objects that it does not engage in "research, development, engineering, licensing, component sourcing, manufacture, testing, marketing, distribution, sale, and importation of the Accused Products."

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to any name changes of each Defendant, including but not limited to all Documents describing the decision by any Defendant to change the name of any Defendant and the reasons for such change.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control. Inspur Group objects that the

phrase "describing the decision" is vague, ambiguous, and undefined. Inspur Group objects that this request is overbroad, unduly burdensome and not proportional to the needs of the case because it seeks "All Documents relating to any" alleged name changes, regardless of relevance. Inspur Group objects that this request seeks irrelevant Documents.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify any suppliers, including third party suppliers, of components for the Accused Products from April 15, 2018, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify all Accused Products that are either imported into the United States or sold in the United States from April 15, 2018, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 9:**

For each Accused Product, Documents sufficient to show on a product-by-product basis, from April 15, 2018, to the present:

(a) the volume of sales in the United States by month, expressed in both dollars and units, from April 15, 2018, to present;

(b) the annual volume of imports into the United States by month, expressed in both dollars and units, from April 15, 2018, to present;

BAKER & HOSTETLER LLP

(c) the cost of goods sold for the product from April 15, 2018, to present;
(d) the approximate dates on which You began production and ceased production (if applicable) of the product;
(e) the sales price from You to Your customer(s); and
(f) the retail price for which the product is sold to a consumer in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 10:**

For each Accused Product, Documents sufficient to determine:

(a) all product, model, and design numbers; and
(b) all brand names, marketing names, part numbers, internal designations and/or code names, external designations, and other unique designations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that the terms "unique designations" are vague, ambiguous, and undefined. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 11:**

Two physical samples of each Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for or produce any physical samples.

**<u>REQUEST FOR PRODUCTION NO. 12</u>:**

Documents sufficient to show the research, design, and development of the Accused Products from April 15, 2018, to the present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12</u>:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**<u>REQUEST FOR PRODUCTION NO. 13</u>:**

The bill of materials for each Accused Product.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 13</u>:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**<u>REQUEST FOR PRODUCTION NO. 14</u>:**

All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable access to a serial port of a computer over a network and/or a serial over LAN function.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 14</u>:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to the term "Source Code" as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents and things beyond actual code. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

BAKER & HOSTETLER LLP

**REQUEST FOR PRODUCTION NO. 15:**

All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable the determination of power consumption of devices coupled to a network.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that the terms "relate to, describe, implement, or enable the determination" are vague, ambiguous, and undefined. Inspur Group objects to the term "Source Code" as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents and things beyond actual code. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable a processor of a second computer system to emulate a mass storage device of a first computer system.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that the terms "relate to, describe, implement, or a processor . . . to emulate" are vague, ambiguous, and undefined. Inspur Group objects to the term "Source Code" as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents and things beyond actual code. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**<u>REQUEST FOR PRODUCTION NO. 17</u>:**

All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable an array controller configured to process a configuration task in response to a user selection.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 17</u>:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that the terms "relate to, describe, implement, or enable an array" are vague, ambiguous, and undefined. Inspur Group objects to the term "Source Code" as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents and things beyond actual code. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**<u>REQUEST FOR PRODUCTION NO. 18</u>:**

All Documents, including but not limited to Source Code, that relate to the Accused Products and that relate to, describe, implement, or enable a chip comprising an embedded processor that is programmable to function as a manageability web server.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18</u>:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that the terms "relate to, describe, implement, or enable a chip . . . to function" are vague, ambiguous, and undefined. Inspur Group objects that the terms "relate to, describe, implement, or enable the determination" are vague, ambiguous, and undefined. Inspur Group objects that the term "that is programmable to function as a manageability web server" is vague and ambiguous because it is unclear whether this function pertains to the "chip" or the "embedded processor." Inspur Group objects to the term "Source Code" as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks

documents and things beyond actual code. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents, including but not limited to Source Code, that describe or relate to any baseband management controller or BMC (including but not limited to the ASPEED AST2500, AST2520, AST 2600, AST2620, AST2700, AST2750, and Pilot 4) used in any Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all documents that describe or relate to any baseband management controller. Inspur Group objects to the term "Source code, that describe . . . any baseband management controller" as vague, ambiguous, and undefined. Inspur Group objects to the term "Source Code" as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents and things beyond actual code. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 20:**

All Source Code for all versions of the ISPIM software authored or made available to customers between April 15, 2018, and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to the terms "ISPIM software," "versions," and "authored" as vague, ambiguous, and undefined. Inspur Group objects to this Request as vague and ambiguous because it is unclear whether the alleged software

BAKER & HOSTETLER LLP

needs to have been "authored or made available" for the entirety of the time period. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control. Inspur Group objects to the term "Source Code" as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents and things beyond actual code.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 21:**

All manuals, datasheets, instruction sheets, product guides, user guides, design notes, design guides, and product manuals for each Accused Product including but not limited to manuals, datasheets, instruction sheets, product guides, user guides, design notes, design guides, and product manuals published for external use, internal use, and/or those that are shared between partner companies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to the terms "manuals, datasheets, instruction sheets, product guides, user guides, design notes, design guides, and product . . . including but not limited to manuals, datasheets, instruction sheets, product guides, user guides, design notes, design guides, and product manuals" as vague, ambiguous, undefined, and unintelligible. Inspur Group objects to the terms "published for external use, internal use, and/or those that are shared between partner companies" as vague, ambiguous, and undefined. Inspur Group objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all documents concerning multiple broad categories of documents spanning numerous subjects. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

BAKER & HOSTETLER LLP

**REQUEST FOR PRODUCTION NO. 22:**

Documents shared with You by Your suppliers pertaining to the components for the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this Request seeks documents and things outside Inspur Group's possession, custody, and control. Inspur Group objects that the Request is vague and ambiguous because it is unclear whether the terms "pertaining to the components for the Accused Products" modifies documents or suppliers. Inspur Group objects to the extent this request assumes that Inspur Group has "suppliers pertaining to the components for the Accused Products."

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show, for each Accused Product, features and functionalities that are advertised or marketed to consumers in the United States including, but not limited to features and functionalities identified in the Complaint, and/or features and functionalities identified in HPE's infringement contentions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request as premature to the extent it seeks noninfringement contentions or claim construction positions before the applicable deadline(s). Inspur Group objects that the terms "features and functionalities identified in the Complaint, and/or features and functionalities identified in HPE's infringement contentions" are vague and ambiguous. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

BAKER & HOSTETLER LLP

**REQUEST FOR PRODUCTION NO. 24:**

Documents relating to any reports, analyses, surveys, studies, or forecasts of the market for, consumers of, or industry competition with the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case because it seeks multiple broad categories of documents spanning numerous subjects. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 25:**

Documents related to the frequency of use or popularity of components, technologies, or features of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to the terms "frequency of use," "popularity," and "frequency of … popularity" as vague, ambiguous, and undefined. Inspur Group objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all documents relating to various broad subjects. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 26:**

Documents You intend to rely on regarding damages in this action, including any Documents relating to lost profits, the royalty rate, royalty base and relevant licenses.

BAKER & HOSTETLER LLP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this Request is premature to the extent it seeks expert discovery in advance of the applicable deadline(s). Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and things related to the level of knowledge, education, schooling, experience, expertise, or relevant technical skill of a person having ordinary skill in the art related to the asserted claims of each of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this Request is premature to the extent it seeks expert discovery in advance of the applicable deadline(s). Inspur Group objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all documents that are related to the level of skill in the art.

Inspur Group will not search for any Documents and things.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and things related to Your construction of each claim term, element, or limitation that You contend requires a claim construction, including but not limited to all extrinsic evidence supporting Your construction of each claim limitation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this Request is premature to the extent it seeks expert discovery and claim construction discovery before the applicable deadline(s). Inspur Group objects to HPE's definitions of "Your" and "You" to the extent they

BAKER & HOSTETLER LLP

include any other entity or person other than Inspur Group. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control. Inspur Group objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all documents that are related to claim construction.

Inspur Group will not search for any Documents and things.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and things related to the circumstances surrounding when You first became aware of the existence of each of the Asserted Patents, including how You became aware of each patent and the identity of the specific individual(s) who first became aware of each patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product immunity, common interest privilege, and/or any other privilege or protection. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control. Inspur Group objects to the term "related to the circumstances surrounding" as vague, ambiguous, and undefined. Inspur Group objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all documents that are related to alleged knowledge of patents.

Inspur Group will not search for any Documents and things.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and things relating to any consideration, inspection, testing, or analysis concerning whether any Accused Product is within the scope of any claim of the Asserted Patents.

BAKER & HOSTETLER LLP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product immunity, common interest privilege, and/or any other privilege or protection. Inspur Group objects to this Request as premature to the extent it seeks claim construction positions, contentions, and expert discovery before the applicable deadline(s). Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents and things.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show any design changes that were considered or are currently being considered from August 11, 2021 to the present for the Accused Products in response to any Communication from Plaintiff, the Complaint, or any Asserted Patent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request as vague and ambiguous because it is unclear whether the alleged "design changes" need to have been considered for the entirety of the time period. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and things relating to any alleged non-infringing alternatives to the inventions of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request as premature to the extent it seeks claim


BAKER & HOSTETLER LLP

construction positions, contentions, and expert discovery before the applicable deadline(s). Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents and things.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and things relating to any design around or steps taken by You to mitigate or avoid infringement of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product immunity, common interest privilege, and/or any other privilege or protection. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control. Inspur Group objects to this Request as premature to the extent it seeks claim construction positions, contentions, and expert discovery before the applicable deadline(s).

Inspur Group will not search for any Documents and things.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and things related to or evidencing any of Your contentions in this litigation that the claims at issue are not directly infringed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product immunity, common interest privilege, and/or any other privilege or protection. Inspur Group objects to this Request as premature to the extent it seeks claim construction positions, contentions, or expert discovery before the applicable

BAKER & HOSTETLER LLP

deadline(s). Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents and things.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and things related to or evidencing any of Your contentions in this litigation that You do not induce infringement of any of the asserted claims for any reason other than a contention that there is no direct infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product immunity, common interest privilege, and/or any other privilege or protection. Inspur Group objects to this Request as premature to the extent it seeks claim construction positions, contentions, or expert discovery before the applicable deadline(s). Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents and things.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and things related to or evidencing any of Your contentions that You do not contribute to the infringement of any of the asserted claims for any reason other than a contention that there is no direct infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product immunity, common interest privilege, and/or any other privilege or protection. Inspur Group objects to this Request as premature to the extent it seeks claim construction positions, contentions, or expert discovery before the applicable

deadline(s). Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents and things.

**<u>REQUEST FOR PRODUCTION NO. 37</u>:**

All Documents and things related to Your contention that the Asserted Patents are invalid.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 37</u>:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product immunity, common interest privilege, and/or any other privilege or protection. Inspur Group objects to this Request as premature to the extent it seeks claim construction positions, contentions, or expert discovery before the applicable deadlines. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents and things.

**<u>REQUEST FOR PRODUCTION NO. 38</u>:**

All Documents and things relating to any secondary consideration or other objective evidence of non-obviousness of the Asserted Patents, including but not limited to any long-felt need, failure of others, commercial success, copying of the claimed invention by others, unexpected or superior results from the claimed invention, licensing or praise by others, criticism by others, or any other objective indicia of non-obviousness.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 38</u>:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to the term "claimed invention" as vague, ambiguous, and undefined. Inspur Group objects to this Request as premature to the extent it seeks claim construction positions, contentions, or expert discovery before the

BAKER & HOSTETLER LLP

applicable deadlines. Inspur Group objects to this request to the extent it attempts to shift the burden of demonstrating objective indicia of nonobviousness from HPE to Inspur Group. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents and things.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and things concerning Prior Art to the Asserted Patents, whether or not You believe that the Prior Art invalidates any claim of the Asserted Patents, including without limitation all Documents and things concerning Prior Art searches performed by You or on Your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product immunity, common interest privilege, and/or any other privilege or protection. Inspur Group objects to this Request as premature to the extent it seeks claim construction positions, contentions, or expert discovery before the applicable deadlines. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents and things.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and things concerning any formal, informal, written, or oral opinion, report, study, analysis, review, conclusion, or observation concerning the invalidity, noninfringement, or unenforceability of any of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product

BAKER & HOSTETLER LLP

immunity, common interest privilege, and/or any other privilege or protection. Inspur Group objects to this Request as premature to the extent it seeks claim construction positions, contentions, or expert discovery before the applicable deadline(s). Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents and things.

**<u>REQUEST FOR PRODUCTION NO. 41</u>:**

All Documents and things related to or evidencing any affirmative defense You have pled or intend to plead in this litigation.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 41</u>:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product immunity, common interest privilege, and/or any other privilege or protection. Inspur Group objects to this Request as premature to the extent it seeks claim construction positions, contentions, or expert discovery before the applicable deadline(s). Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents and things.

**<u>REQUEST FOR PRODUCTION NO. 42</u>:**

All licensing agreements to which You are or have been a party that relate to the Accused Products.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 42</u>:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents relating to or containing a patent policy or patent licensing policy for any Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request as overbroad because it does not appear to be reasonably related to the issue of damages, infringement, or any of the defenses at issue in this action; as such, the Request is disproportionate in that it seeks information irrelevant to the resolution of the issues in this action. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and things that You intend to offer into evidence at trial in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product immunity, common interest privilege, and/or any other privilege or protection. Inspur Group objects to this request as premature to the extent it seeks pretrial disclosures before the applicable deadlines. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents and things.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and things relating to HPE and/or the Asserted Patents, including meetings between You and HPE, Documents exchanged between You and

BAKER & HOSTETLER LLP

HPE, and Documents exchanged between You and Third Parties regarding HPE, the Asserted Patents, and/or the litigation.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 45</u>:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent it seeks "All Documents and things" as not proportional to the needs of the case because it covers every document and thing "relating to HPE and/or the Asserted Patents," regardless of relevance. Inspur Group objects that "Documents and things . . . including meetings" is nonsensical, vague, and ambiguous. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents and things.

**<u>REQUEST FOR PRODUCTION NO. 46</u>:**

Any witness statements, declarations, or transcripts of any trial testimony, including exhibits, ever given in any proceeding either by any person You expect to call as a witness in connection with this matter or concerning any of the Accused Products.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 46</u>:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product immunity, and/or nay other privilege or protection. Inspur Group objects to this Request as premature to the extent it is an attempt to circumvent any applicable deadline(s). Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

**<u>REQUEST FOR PRODUCTION NO. 47</u>:**

All Documents and things relating to this litigation obtained from third parties.

BAKER & HOSTETLER LLP

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group.

Inspur Group will not search for any Documents and things.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents concerning Defendants' Document maintenance, retention and/or destruction policies, including all Document maintenance, retention and/or destruction policies concerning electronic Documents and emails.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Inspur Group objects that this Court lacks personal jurisdiction over Inspur Group. Inspur Group objects to this Request to the extent that it seeks documents and information that are subject to the attorney-client privilege, work product immunity, and/or any other privilege or protection. Inspur Group objects that this request seeks documents and things outside Inspur Group's possession, custody, and control.

Inspur Group will not search for any Documents.

BAKER & HOSTETLER LLP

Dated: August 8, 2024 By: */s/ Kevin W. Kirsch*
Kevin W. Kirsch

Attorney for Defendant
INSPUR GROUP CO., LTD.

BAKER & HOSTETLER LLP

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 8th day of August, 2024, all counsel of record are being served with a copy of this document via email.

*/s/ Andrew E. Samuels*
Andrew E. Samuels

BAKER & HOSTETLER LLP