# EXHIBIT C

**DLA Piper LLP (US)**
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Angela C. Whitesell
angela.whitesell@dlapiper.com
T 302.468.5644
F 302.778.7914

September 4, 2024
*Via E-Mail*

Kevin W. Kirsch
Baker & Hostetler LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
kkirsch@bakerlaw.com

***Hewlett Packard Enterprise Co. v. Inspur Group Co., Ltd. Et al.,* 5:24-cv-2200 (N.D. Cal.)**

**Re: Deficiencies in Inspur Group's Initial Responses to HPE's First Set of Requests for Production**

Dear Counsel**:**

I write on behalf of Hewlett Packard Enterprise Company ("HPE") regarding Inspur Group Co., Ltd.'s ("Inspur Group") deficient discovery responses and upcoming invalidity contentions. Because HPE's review of the discovery requests is ongoing, HPE reserves the right to raise additional deficiencies in Inspur Group's discovery responses.

## I. Requests for Production

Discovery opened following the Rule 26(f) conference on July 9, 2024, which was attended by representatives for all parties. *See* Fed. R. Civ. Pro. 26(d). HPE served its first set of Requests for Production on that day. Instead of engaging in the litigation process in good faith, Inspur Group stated it "will not search for any Documents" in response to every Request.

Defendants requested that discovery be stayed until all jurisdictional issues have been resolved, but the Court did not grant that request at the Case Management Conference. *See* ECF No. 76 ¶ 7. In addition, "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *See*, *e.g.*, *SVB Financial Group v. Federal Deposit Insurance Corp.,* No. 23-cv-06543-BLF, 2024 WL 1898439 (N.D. Cal. Apr. 29, 2024). Thus, discovery has commenced. Inspur Group cannot unilaterally excuse itself from its discovery obligations regardless of any pending motion to dismiss.

As an immediate and pressing matter, HPE is entitled to Inspur Group's fulsome responses to Request Nos. 1, 3-6, 8, 29, 34-36, 41, and 42 (including by production of documents), which are directly relevant to the issue of jurisdiction that will inform HPE's opposition to Inspur Group's motion to dismiss. We expect Inspur Group to provide substantive responses (rather than merely objections) and produce documents responsive to these RFPs by September 6, 2024.

Inspur Group also must promptly produce discovery necessary for HPE's forthcoming damages contentions, including by producing documents responsive to Request Nos. 9, 10, and 23-26.

Finally, Inspur Group makes a General Objection No. 7 to the extent HPE seeks information that "cannot be provided by Inspur Group without risk of violating Chinese data protection laws, such as the Chinese

Data Security Law." To the extent Inspur Group contends that "Chinese Data Security Law" or any other Chinese law prevents it from producing particular materials, please identify the statute, provide a copy and English translation, specifically identify the materials withheld on the basis of such law, and explain how and why the statute applies to those materials and prevents Inspur Group from producing those materials in U.S. litigation.

## II. Invalidity Contentions

On August 13, 2024, in compliance with the Local Patent Rules ("LPR"), HPE served its Initial Infringement Contentions pursuant to LPR 3-1 and Accompanying Document Production pursuant to LPR 3-2. This triggered the 45-day deadline for Inspur Group to serve its Initial Invalidity Contentions under LPR 3-3 and Accompanying Document Production under LPR 3-4. Accordingly, Inspur Group must comply with LPR 3-3 and 3-4 no later than September 27, 2024.

## III. Need for a Meet and Confer

To the extent Inspur Group does not agree to any of HPE's requests above, please provide by Friday, September 6, 2024, your availability to meet and confer next week.

Best regards,

*/s/ Angela C. Whitesell*

Angela C. Whitesell
Counsel for Hewlett Packard Enterprise Company