# EXHIBIT E

# Mori, Aima

**From:** Kirsch, Kevin W. <kkirsch@bakerlaw.com>
**Sent:** Friday, October 4, 2024 1:06 PM
**To:** Kiepura, Helena D.; John Yin; Yamashita, Brent; Elle Wang; Whitesell, Angela; qeieit; Gass, Christopher J.; Bobel, Arthur; Samuels, Andrew; Gosselin, Christopher; Greg Bays; Leonard Hua; Gray, Gerald T.; Haug, Ed; Qin, Sally; Aaron Feigelson; Chen, Raymond; Wang, Alice; Sarah Brenden; Kyle B. Straughan; Robert Colletti
**Cc:** DLA-HPE-Inspur
**Subject:** RE: HPE v. Inspur Group et al. - Invalidity Contentions

EXTERNAL MESSAGE

Helena,

Based on HPE's agreement not to use the fact that Inspur Group provides invalidity contentions and produces documents pursuant to NDCA PLR 3-3 and 3-4 as an argument that it has waived its jurisdictional objections as set forth in its motion to dismiss, Inspur Group confirms that Inspur Group will provide on October 11th invalidity contentions and produce documents, if any, pursuant to NDCA PLR 3-3 and 3-4. Inspur Group adopts IEIT's position regarding the production of any NDCA PLR 3-4 documents that reside in China. Inspur Group expressly reserves all of its rights with respect to its position that the Court lacks personal jurisdiction over it.

All the best,

Kevin

---

**From:** Kirsch, Kevin W.
**Sent:** Thursday, October 3, 2024 3:48 PM
**To:** Kiepura, Helena D. <Helena.Kiepura@us.dlapiper.com>; John Yin <johnyin@quinnemanuel.com>; Yamashita, Brent <Brent.Yamashita@us.dlapiper.com>; Elle Wang <ellewang@quinnemanuel.com>; Whitesell, Angela <Angela.Whitesell@us.dlapiper.com>; qeieit <qeieit@quinnemanuel.com>; Gass, Christopher J. <cgass@leydig.com>; Bobel, Arthur <abobel@leydig.com>; Samuels, Andrew <asamuels@bakerlaw.com>; Gosselin, Christopher <cgosselin@haugpartners.com>; Greg Bays <gbays@leydig.com>; Leonard Hua <lhua@leydig.com>; Gray, Gerald T. <ggray@leydig.com>; Haug, Ed <EHaug@haugpartners.com>; Qin, Sally <sqin@bakerlaw.com>; Aaron Feigelson <afeigelson@leydig.com>; Chen, Raymond <rchen@leydig.com>; Wang, Alice <awang@haugpartners.com>; Sarah Brenden <sbrenden@karrtuttle.com>; Kyle B. Straughan <kstraughan@karrtuttle.com>; Robert Colletti <rcolletti@haugpartners.com>
**Cc:** DLA-HPE-Inspur <DLA-HPE-Inspur@us.dlapiper.com>
**Subject:** RE: HPE v. Inspur Group et al. - Invalidity Contentions

Helena,

We are attempting to confer with our client. We will get back to you on this.

Thank you,

Kevin

**From:** Kiepura, Helena D. <Helena.Kiepura@us.dlapiper.com>
**Sent:** Thursday, October 3, 2024 12:12 PM
**To:** Kirsch, Kevin W. <kkirsch@bakerlaw.com>; John Yin <johnyin@quinnemanuel.com>; Yamashita, Brent <Brent.Yamashita@us.dlapiper.com>; Elle Wang <ellewang@quinnemanuel.com>; Whitesell, Angela <Angela.Whitesell@us.dlapiper.com>; qeieit <qeieit@quinnemanuel.com>; Gass, Christopher J. <cgass@leydig.com>; Bobel, Arthur <abobel@leydig.com>; Samuels, Andrew <asamuels@bakerlaw.com>; Gosselin, Christopher <cgosselin@haugpartners.com>; Greg Bays <gbays@leydig.com>; Leonard Hua <lhua@leydig.com>; Gray, Gerald T. <ggray@leydig.com>; Haug, Ed <EHaug@haugpartners.com>; Qin, Sally <sqin@bakerlaw.com>; Aaron Feigelson <afeigelson@leydig.com>; Chen, Raymond <rchen@leydig.com>; Wang, Alice <awang@haugpartners.com>; Sarah Brenden <sbrenden@karrtuttle.com>; Kyle B. Straughan <kstraughan@karrtuttle.com>; Robert Colletti <rcolletti@haugpartners.com>
**Cc:** DLA-HPE-Inspur <DLA-HPE-Inspur@us.dlapiper.com>
**Subject:** RE: HPE v. Inspur Group et al. - Invalidity Contentions

Kevin,

With regard to Inspur Group, we can agree not to use the fact that Inspur Group provides invalidity contentions and produces documents pursuant to NDCA PLR 3-3 and 3-4 as an argument that it has waived its jurisdictional objections as set forth in its motion to dismiss, as we did for KAYTUS. Can you confirm that Inspur Group will comply by the extended deadline HPE has offered?

Best regards,
Helena


Helena D. Kiepura
Partner

T +1 202 799 4333
F +1 202 799 5300
M +1 847 321 5883
helena.kiepura@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com


---

**From:** Kirsch, Kevin W. <kkirsch@bakerlaw.com>
**Sent:** Monday, September 30, 2024 10:34 PM
**To:** John Yin <johnyin@quinnemanuel.com>; Yamashita, Brent <Brent.Yamashita@us.dlapiper.com>; Elle Wang <ellewang@quinnemanuel.com>; Whitesell, Angela <Angela.Whitesell@us.dlapiper.com>; qeieit <qeieit@quinnemanuel.com>; Gass, Christopher J. <cgass@leydig.com>; Bobel, Arthur <abobel@leydig.com>; Samuels, Andrew <asamuels@bakerlaw.com>; Gosselin, Christopher <cgosselin@haugpartners.com>; Greg Bays <gbays@leydig.com>; Leonard Hua <lhua@leydig.com>; Gray, Gerald T. <ggray@leydig.com>; Haug, Ed <EHaug@haugpartners.com>; Qin, Sally <sqin@bakerlaw.com>; Aaron Feigelson <afeigelson@leydig.com>; Chen, Raymond <rchen@leydig.com>; Wang, Alice <awang@haugpartners.com>; Sarah Brenden <sbrenden@karrtuttle.com>; Kyle B. Straughan <kstraughan@karrtuttle.com>; Robert Colletti <rcolletti@haugpartners.com>
**Cc:** DLA-HPE-Inspur <DLA-HPE-Inspur@us.dlapiper.com>
**Subject:** RE: HPE v. Inspur Group et al. - Invalidity Contentions


EXTERNAL MESSAGE


Hi Brent,

On behalf of Inspur Group, we request that you provide Inspur Groups requested extension to October 11th based on the Chinese October 1-7 holiday. We do not agree to your condition for an extension. Inspur Group objects to HPE's refusal to extend the deadline to serve invalidity contentions or the document requests required under NDCA PLR 3-4 based on Inspur Group's pending motion to dismiss for lack of personal jurisdiction. Inspur Group expressly reserves all of its rights with respect to the lack of personal jurisdiction by the Court in this action. Inspur Group is expressly not participating in this action by making the following statements, but in the interest of avoiding law and motion over this issue and the avoidance of waiver of rights, Inspur states the following: Inspur Group adopts the Invalidity Contentions served by the other Defendants if the Court does not ultimately grant Inspur Group's motion to dismiss. Inspur Group further joins in the production of documents by the other defendants under NDCA PLR 3-4 (a), (b), (c) and (e) if the Court does not ultimately grant Inspur Group's motion to dismiss. Inspur Group has no additional documents under NDCA PLR 3-4 (a), (b), (c) and (e) beyond what the other Defendants are producing. Inspur Group has no documents to produce responsive to NDCA PLR 3-4 (d) if the Court does not ultimately grant Inspur Group's motion to dismiss because Inspur Group has never made, used, sold, offered for sale or imported for sale any of the Accused Products (as defined in Inspur Group's pending motion to dismiss).

All the best,

Kevin

---

**From:** John Yin <johnyin@quinnemanuel.com>
**Sent:** Monday, September 30, 2024 10:18 PM
**To:** Yamashita, Brent <Brent.Yamashita@us.dlapiper.com>; Elle Wang <ellewang@quinnemanuel.com>; Whitesell, Angela <Angela.Whitesell@us.dlapiper.com>; qeieit <qeieit@quinnemanuel.com>; Gass, Christopher J. <cgass@leydig.com>; Kirsch, Kevin W. <kkirsch@bakerlaw.com>; Bobel, Arthur <abobel@leydig.com>; Samuels, Andrew <asamuels@bakerlaw.com>; Gosselin, Christopher <cgosselin@haugpartners.com>; Greg Bays <gbays@leydig.com>; Leonard Hua <lhua@leydig.com>; Gray, Gerald T. <ggray@leydig.com>; Haug, Ed <EHaug@haugpartners.com>; Qin, Sally <sqin@bakerlaw.com>; Aaron Feigelson <afeigelson@leydig.com>; Chen, Raymond <rchen@leydig.com>; Wang, Alice <awang@haugpartners.com>; Sarah Brenden <sbrenden@karrtuttle.com>; Kyle B. Straughan <kstraughan@karrtuttle.com>; Robert Colletti <rcolletti@haugpartners.com>
**Cc:** DLA-HPE-Inspur <DLA-HPE-Inspur@us.dlapiper.com>
**Subject:** RE: HPE v. Inspur Group et al. - Invalidity Contentions

[External Email: Use caution when clicking on links or opening attachments.]

Brent,

We respond on behalf of IEIT only and expect the other defendants to respond separately. To confirm, IEIT plans to serve its invalidity contentions and make document productions under LPR 3-4 by October 11, 2024.

As we noted in our responses and objections to the RFPs and at the meet & confer, there are different layers of restrictions under Chinese law that would apply to production of documents and information from China for purposes of U.S. litigation. Certain restrictions apply to particular types of data while others impose procedural requirements over all productions. IEIT is getting advice from Chinese counsel on compliance with the various Chinese law requirements and restrictions. For example, we understand that China's Data Security Law of 2021 requires, inter alia, that to produce "data" stored within China for purposes of a foreign judicial proceeding, IEIT needs to first obtain approval from Chinese government authorities (Art. 36), and that such "data" is defined by the Data Security Law as "any record of information in the electronic or other form" (Art. 3).

IEIT is committed to complying with its obligations as a litigant in U.S. litigation proceedings in ways that are consistent with its obligations under Chinese law. By October 11, 2024, IEIT will be producing documents under LPR 3-4 that can be collected from outside of China. Meanwhile, IEIT is collecting other documents under LPR 3-4 that only reside in China

and will submit those documents for the review and approval by the Chinese government authorities as soon as practical. As noted earlier, we would agree that HPE's deadline to serve its damages contentions with respect to IEIT will be extended based on when IEIT completes its productions under LPR 3-4.

Best regards,
John

**John Yin** | Associate
Quinn Emanuel Urquhart & Sullivan, LLP
213-443-3837
johnyin@quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Yamashita, Brent <Brent.Yamashita@us.dlapiper.com>
**Sent:** Thursday, September 26, 2024 12:44 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; Whitesell, Angela <Angela.Whitesell@us.dlapiper.com>; qeieit <qeieit@quinnemanuel.com>; Chris Gass <cgass@leydig.com>; kkirsch@bakerlaw.com; Bobel, Arthur <abobel@leydig.com>; Samuels, Andrew <asamuels@bakerlaw.com>; Chris Gosselin <cgosselin@haugpartners.com>; Greg Bays <gbays@leydig.com>; Leonard Hua <lhua@leydig.com>; Gray, Gerald T. <ggray@leydig.com>; Haug, Ed <EHaug@haugpartners.com>; Qin, Sally <sqin@bakerlaw.com>; Aaron Feigelson <afeigelson@leydig.com>; Chen, Raymond <rchen@leydig.com>; Wang, Alice <awang@haugpartners.com>; Sarah Brenden <sbrenden@karrtuttle.com>; Kyle B. Straughan <kstraughan@karrtuttle.com>; Robert Colletti <rcolletti@haugpartners.com>
**Cc:** DLA-HPE-Inspur <DLA-HPE-Inspur@us.dlapiper.com>
**Subject:** RE: HPE v. Inspur Group et al. - Invalidity Contentions

**[EXTERNAL EMAIL from brent.yamashita@us.dlapiper.com]**

---

Elle,

Thank you for your confirmation regarding the deadline for invalidity contentions and the LPR 3-4 document production. Please confirm that you are responding for all defendants.

During the meet and confer yesterday, you told us about the potential Chinese law restrictions on source code but did not indicate it would apply to all documents. We do not understand that any such restrictions apply to "each document production" and certainly not to financial/sales information. If you are contending that such restrictions apply to, among other things, financial/sales information, please send us any legal authority to that effect. If we cannot get a firm commitment from IEIT by Monday about what it intends to produce and when, we will need to raise this with the Court.

Best regards,
Brent

Brent K. Yamashita
Partner

T +1 650 833 2348
F +1 650 687 1206
M +1 650 996 2945
brent.yamashita@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Thursday, September 26, 2024 3:51 AM
**To:** Yamashita, Brent <Brent.Yamashita@us.dlapiper.com>; Whitesell, Angela <Angela.Whitesell@us.dlapiper.com>; qeieit <qeieit@quinnemanuel.com>; Chris Gass <cgass@leydig.com>; kkirsch@bakerlaw.com; Bobel, Arthur <abobel@leydig.com>; Samuels, Andrew <asamuels@bakerlaw.com>; Chris Gosselin <cgosselin@haugpartners.com>; Greg Bays <gbays@leydig.com>; Leonard Hua <lhua@leydig.com>; Gray, Gerald T. <ggray@leydig.com>; Haug, Ed <EHaug@haugpartners.com>; Qin, Sally <sqin@bakerlaw.com>; Aaron Feigelson <afeigelson@leydig.com>; Chen, Raymond <rchen@leydig.com>; Wang, Alice <awang@haugpartners.com>; Sarah Brenden <sbrenden@karrtuttle.com>; Kyle B. Straughan <kstraughan@karrtuttle.com>; Robert Colletti <rcolletti@haugpartners.com>
**Cc:** DLA-HPE-Inspur <DLA-HPE-Inspur@us.dlapiper.com>
**Subject:** RE: HPE v. Inspur Group et al. - Invalidity Contentions

EXTERNAL MESSAGE

Brent,

Thanks for the courtesy in agreeing to the extension. We confirm that we will serve invalidity contentions and make document productions on Oct. 11. As noted in our responses and objections and at yesterday's meet & confer, there are various restrictions under Chinese law that IEIT Systems must comply with regarding producing documents from China for purpose of foreign litigation, including but not limited to the procedural requirement of obtaining Chinese authorities' approval before each document production. For any responsive documents under LPR 3-4 that need to be collected from China and thus subject to the Chinese law restrictions, our client is committed to collecting and submitting them for Chinese authorities' review and approval as soon as practical and will make productions upon obtaining such approvals. We will naturally agree that HPE's deadline to serve its damages contentions will be extended based on when we complete productions under LPR 3-4.

Best,
Elle

---

**From:** Yamashita, Brent <Brent.Yamashita@us.dlapiper.com>
**Sent:** Wednesday, September 25, 2024 8:41 AM
**To:** Elle Wang <ellewang@quinnemanuel.com>; Whitesell, Angela <Angela.Whitesell@us.dlapiper.com>; qeieit <qeieit@quinnemanuel.com>; Chris Gass <cgass@leydig.com>; kkirsch@bakerlaw.com; Bobel, Arthur <abobel@leydig.com>; Samuels, Andrew <asamuels@bakerlaw.com>; Chris Gosselin <cgosselin@haugpartners.com>; Greg Bays <gbays@leydig.com>; Leonard Hua <lhua@leydig.com>; Gray, Gerald T. <ggray@leydig.com>; Haug, Ed <EHaug@haugpartners.com>; Qin, Sally <sqin@bakerlaw.com>; Aaron Feigelson <afeigelson@leydig.com>; Chen, Raymond <rchen@leydig.com>; Wang, Alice <awang@haugpartners.com>; Sarah Brenden <sbrenden@karrtuttle.com>; Kyle B. Straughan <kstraughan@karrtuttle.com>; Robert Colletti <rcolletti@haugpartners.com>
**Cc:** DLA-HPE-Inspur <DLA-HPE-Inspur@us.dlapiper.com>
**Subject:** RE: HPE v. Inspur Group et al. - Invalidity Contentions

**[EXTERNAL EMAIL from brent.yamashita@us.dlapiper.com]**

---

Elle,

As a professional courtesy, we will agree to the extension of the deadline for Defendants to provide their invalidity contentions to October 11, 2024, on the condition that Defendants confirm by close of business today that they will serve both their invalidity contentions as well as their document production required under LPR 3-4 on that date. If we don't receive that confirmation today, then we expect both the contentions and the document production on October 4, 2024 (the original courtesy extension we offered) and will consider anything served thereafter untimely and subject to appropriate relief from the court.

Best regards,
Brent

Brent K. Yamashita
Partner

T +1 650 833 2348
F +1 650 687 1206
M +1 650 996 2945
brent.yamashita@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Tuesday, September 24, 2024 1:11 PM
**To:** Whitesell, Angela <Angela.Whitesell@us.dlapiper.com>; Yamashita, Brent <Brent.Yamashita@us.dlapiper.com>; qeieit <qeieit@quinnemanuel.com>; Gass, Christopher J. <cgass@leydig.com>; kkirsch@bakerlaw.com; Bobel, Arthur <abobel@leydig.com>; Samuels, Andrew <asamuels@bakerlaw.com>; Gosselin, Christopher <CGosselin@haugpartners.com>; Bays, Gregory <gbays@leydig.com>; Hua, Leonard <lhua@leydig.com>; Gray, Gerald T. <ggray@leydig.com>; Haug, Ed <EHaug@haugpartners.com>; Qin, Sally <sqin@bakerlaw.com>; Feigelson, Aaron <afeigelson@leydig.com>; Chen, Raymond <rchen@leydig.com>; Wang, Alice <awang@haugpartners.com>; Sarah Brenden <sbrenden@karrtuttle.com>; Kyle B. Straughan <kstraughan@karrtuttle.com>; Colletti, Robert <RColletti@haugpartners.com>
**Cc:** DLA-HPE-Inspur <DLA-HPE-Inspur@us.dlapiper.com>
**Subject:** RE: HPE v. Inspur Group et al. - Invalidity Contentions

EXTERNAL MESSAGE

Counsel,

Thank you for agreeing to a courtesy extension. We are working with the client on our invalidity disclosures. Given the National Day holiday week in China through October 7, would you be amenable to extending the date of invalidity contentions and disclosures to October 11, shortly after the holiday week?

We appreciate the professional courtesy and would be willing to extend the same courtesy in the future.

Best,

Elle

---

**From:** Whitesell, Angela <Angela.Whitesell@us.dlapiper.com>
**Sent:** Tuesday, September 24, 2024 10:23 AM
**To:** Yamashita, Brent <Brent.Yamashita@us.dlapiper.com>; Elle Wang <ellewang@quinnemanuel.com>; qeieit <qeieit@quinnemanuel.com>; Nathan T. Paine <npaine@karrtuttle.com>; Gass, Christopher J. <cgass@leydig.com>; kkirsch@bakerlaw.com; Bobel, Arthur <abobel@leydig.com>; Joshua R.M. Rosenberg <jrosenberg@karrtuttle.com>; Samuels, Andrew <asamuels@bakerlaw.com>; Gosselin, Christopher <CGosselin@haugpartners.com>; Bays, Gregory <gbays@leydig.com>; Hua, Leonard <lhua@leydig.com>; J. Dino Vasquez <dvasquez@karrtuttle.com>; Gray, Gerald T. <ggray@leydig.com>; Haug, Ed <EHaug@haugpartners.com>; Qin, Sally <sqin@bakerlaw.com>; Ava Wang <awang@karrtuttle.com>; Feigelson, Aaron <afeigelson@leydig.com>; Chen, Raymond <rchen@leydig.com>; Wang, Alice <awang@haugpartners.com>; Sarah Brenden <sbrenden@karrtuttle.com>; Kyle B. Straughan <kstraughan@karrtuttle.com>
**Cc:** DLA-HPE-Inspur <DLA-HPE-Inspur@us.dlapiper.com>
**Subject:** RE: HPE v. Inspur Group et al. - Invalidity Contentions

**[EXTERNAL EMAIL from angela.whitesell@us.dlapiper.com]**

---

Counsel -

We have not received a response from any Defendant regarding our email below. Please let us know today if Defendants will be serving their invalidity contentions and accompanying document production under LPR 3-4 by extended deadline we offered as a professional courtesy—i.e., October 4th. Otherwise, we expect to receive Defendants' invalidity contentions and accompanying document production by the September 27 deadline set by the Local Rules.

Angela

Angela C. Whitesell
Associate

T +1 302 468 5644
F +1 302 778 7914
angela.whitesell@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Yamashita, Brent <Brent.Yamashita@us.dlapiper.com>
**Sent:** Thursday, September 19, 2024 5:39 PM
**To:** Elle Wang <ellewang@quinnemanuel.com>; qeieit <qeieit@quinnemanuel.com>; Nathan T. Paine <npaine@karrtuttle.com>; Gass, Christopher J. <cgass@leydig.com>; kkirsch@bakerlaw.com; Bobel, Arthur <abobel@leydig.com>; Joshua R.M. Rosenberg <jrosenberg@karrtuttle.com>; Samuels, Andrew <asamuels@bakerlaw.com>; Gosselin, Christopher <CGosselin@haugpartners.com>; Bays, Gregory <gbays@leydig.com>; Hua, Leonard <lhua@leydig.com>; J. Dino Vasquez <dvasquez@karrtuttle.com>; Gray, Gerald T. <ggray@leydig.com>; Haug, Ed <EHaug@haugpartners.com>; Qin, Sally <sqin@bakerlaw.com>; Ava Wang <awang@karrtuttle.com>; Feigelson, Aaron <afeigelson@leydig.com>; Chen, Raymond <rchen@leydig.com>; Wang, Alice <awang@haugpartners.com>; Sarah Brenden <sbrenden@karrtuttle.com>; Kyle B. Straughan <kstraughan@karrtuttle.com>

**Cc:** DLA-HPE-Inspur <DLA-HPE-Inspur@us.dlapiper.com>; Whitesell, Angela <Angela.Whitesell@us.dlapiper.com>
**Subject:** RE: HPE v. Inspur Group et al. - Invalidity Contentions

Counsel for Defendants,

During our meet and confer session earlier today, we reiterated that we cannot agree to your request to move the invalidity contentions deadline from September 27 to December 20. You asked us if we could consider a shorter extension to November 8. We have conferred with HPE, and we cannot agree to that request either. HPE served its infringement contentions on August 13. Patent Local Rule 3-3 sets the deadline for serving invalidity contention as not later than 45 after service of the infringement contentions, or September 27. The defendants have known about this deadline for weeks. As we stated during the call, the Patent Local Rules do not toll the deadline for invalidity contentions when defendants file motions to dismiss. Furthermore, certain defendants are attempting to further delay the case by refusing to produce documents until after the motions to dismiss are resolved, which is also improper.

As a professional courtesy, HPE is willing to provide a one-week extension to October 4.

Best regards,
Brent

Brent K. Yamashita
Partner

T +1 650 833 2348
F +1 650 687 1206
M +1 650 996 2945
brent.yamashita@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Whitesell, Angela <Angela.Whitesell@us.dlapiper.com>
**Sent:** Wednesday, September 11, 2024 11:26 AM
**To:** Elle Wang <ellewang@quinnemanuel.com>; DLA-HPE-Inspur <DLA-HPE-Inspur@us.dlapiper.com>
**Cc:** qeieit <qeieit@quinnemanuel.com>; Nathan T. Paine <npaine@karrtuttle.com>; Gass, Christopher J. <cgass@leydig.com>; kkirsch@bakerlaw.com; Bobel, Arthur <abobel@leydig.com>; Joshua R.M. Rosenberg <jrosenberg@karrtuttle.com>; Samuels, Andrew <asamuels@bakerlaw.com>; Gosselin, Christopher <CGosselin@haugpartners.com>; Bays, Gregory <gbays@leydig.com>; Hua, Leonard <lhua@leydig.com>; J. Dino Vasquez <dvasquez@karrtuttle.com>; Gray, Gerald T. <ggray@leydig.com>; Haug, Ed <EHaug@haugpartners.com>; Qin, Sally <sqin@bakerlaw.com>; Ava Wang <awang@karrtuttle.com>; Feigelson, Aaron <afeigelson@leydig.com>; Chen, Raymond <rchen@leydig.com>; Wang, Alice <awang@haugpartners.com>; Sarah Brenden <sbrenden@karrtuttle.com>; Kyle B. Straughan <kstraughan@karrtuttle.com>
**Subject:** RE: HPE v. Inspur Group et al. - Invalidity Contentions

Elle,

HPE will not agree to extend the deadline for invalidity contentions and the accompanying document production to 12/20/24. We are available to meet and confer on this issue at the following dates and times:

- Fri, 9/13: 11a – 1p ET

- Mon, 9/16: 11a – 12p, 3p – 5p ET
- Thu, 9/19: 1p – 2 pm ET

Angela

Angela C. Whitesell
Associate

T +1 302 468 5644
F +1 302 778 7914
angela.whitesell@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com

---

**From:** Elle Wang <ellewang@quinnemanuel.com>
**Sent:** Wednesday, September 4, 2024 9:40 PM
**To:** DLA-HPE-Inspur <DLA-HPE-Inspur@us.dlapiper.com>
**Cc:** qeieit <qeieit@quinnemanuel.com>; Nathan T. Paine <npaine@karrtuttle.com>; Gass, Christopher J. <cgass@leydig.com>; kkirsch@bakerlaw.com; Bobel, Arthur <abobel@leydig.com>; Joshua R.M. Rosenberg <jrosenberg@karrtuttle.com>; Samuels, Andrew <asamuels@bakerlaw.com>; Gosselin, Christopher <CGosselin@haugpartners.com>; Bays, Gregory <gbays@leydig.com>; Hua, Leonard <lhua@leydig.com>; J. Dino Vasquez <dvasquez@karrtuttle.com>; Gray, Gerald T. <ggray@leydig.com>; Haug, Ed <EHaug@haugpartners.com>; Qin, Sally <sqin@bakerlaw.com>; Ava Wang <awang@karrtuttle.com>; Feigelson, Aaron <afeigelson@leydig.com>; Chen, Raymond <rchen@leydig.com>; Wang, Alice <awang@haugpartners.com>; Sarah Brenden <sbrenden@karrtuttle.com>; Kyle B. Straughan <kstraughan@karrtuttle.com>
**Subject:** HPE v. Inspur Group et al. - Invalidity Contentions

EXTERNAL MESSAGE

Counsel,

As you know, all Defendants have filed motions to dismiss. Defendants therefore propose to extend the deadline for service of their invalidity contentions and related document production to **12/20/2024**, which is 45 days after the 11/5/2024 CMC (D.I. 80). Defendants challenging personal jurisdiction in their motions to dismiss would reserve the right to seek additional extensions if the Court permits limited discovery on jurisdictional issues.

Please let us know if HPE will agree to Defendants' proposed extension, or please provide your availability this week for a meet and confer.

Best,
Elle

**Elle Wang**
Associate,
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6429 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
ellewang@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.