UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>INSPUR GROUP CO., LTD., et al.,<br><br>Defendants. | Case No. 24-cv-02220-JST<br><br>**ORDER GRANTING REQUESTS FOR STAY OF DISCOVERY**<br><br>Re: ECF Nos. 105, 107 |

Now before the Court are joint discovery dispute letters regarding whether Defendants Kaytus Singapore PTE. Ltd. and Inspur Group Co. Ltd. must participate in discovery pending resolution of their motions to dismiss. ECF Nos. 105, 107. For the reasons explained below, the Court will stay discovery as to these Defendants pending resolution of their motions to dismiss.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Serenium, Inc. v. Zhou*, No. 20-CV-02132-BLF (NC), 2021 WL 7541379, at *1 (N.D. Cal. Feb. 11, 2021) (quoting *In re Nexus 6p Prods. Liab. Litig.*, No. 17-cv-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017)). "Indeed, district courts look unfavorably upon such blanket stays of discovery." *Cain v. JPay, Inc.*, No. 2:21-CV-07401-FLA (AGRx), 2022 WL 1840342, at *1 (C.D. Cal. Apr. 4, 2022) (citation and quotation omitted). Nonetheless, "district courts have wide discretion in controlling discovery, including by staying discovery." *HUB Int'l Nw. LLC v. Larson*, No. 2:22-CV-01418-TL, 2023 WL 2527150, at *2 (W.D. Wash. Mar. 15, 2023) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)); *Petitt v. Altman*, No. C21-1366RSL, 2022 WL 670921, at *1 (W.D. Wash. Mar. 7, 2022).

When faced with a request to stay discovery while a dispositive motion is pending, district

courts in the Ninth Circuit often employ a two-part test:

> First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. . . . Discovery should proceed if either prong of the test is not met.

*Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-CV-00698-KJM-CKD, 2019 WL 3080808, at *1–2 (E.D. Cal. July 15, 2019) (quoting *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011)). "In applying this two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). "If the party moving to stay satisfies both prongs, a protective order may issue; otherwise, discovery should proceed." *Id.* (citation omitted).

Courts are more likely to stay discovery where a dispositive motion "raises jurisdictional issues that may dispose of the entire case." *Snake River Waterkeeper v. J.R. Simplot Co.*, No. 1:23-CV-00239-DCN, 2023 WL 5748152, at *3 (D. Idaho Sept. 6, 2023) (collecting cases); *see also Comm. for Immigrant Rts. of Sonoma Cnty. v. Cnty. of Sonoma*, No. 08-CV-4220 PJH, 2009 WL 10692620, at *2 (N.D. Cal. Apr. 20, 2009) ("Particularly when a threshold subject matter jurisdictional question is raised by a motion to dismiss, a district court should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue first."); *Calvary Chapel San Jose v. Cody*, No. 20-CV-03794-BLF, 2021 WL 5353883, at *1 (N.D. Cal. Nov. 12, 2021) (same).

Here, Inspur Group argues that the Court lacks personal jurisdiction over it because it has "no relevant contacts in the United States." ECF No. 84 at 7. It contends that HPE pleads no facts in support of its "stream of commerce" theory of personal jurisdiction over Inspur Group, and that Inspur Group is a Chinese company that has not done business in the United States; has not made, used, sold, offered for sale or imported for sale any of the accused products anywhere in the world; and has not, alone or with the aid of another, placed any accused products into the stream of commerce in California or anywhere else in the United States.

Likewise, Kaytus Singapore argues that the Court lacks personal jurisdiction over it because it is a Singapore company with no presence in California, and it does not sell, offer to sell, manufacture, or import any of the accused products in the United States. ECF No. 85 at 7.

If the Court accepts these arguments, Inspur Group's and Kaytus Singapore's motions will be potentially dispositive of the case as to them. HPE makes thorough arguments in opposition to the motions, and HPE may well prevail. But the motions are sufficiently substantive that it is appropriate to wait before forcing Inspur Group and Kaytus Singapore to incur the burden and expense of discovery. The Court emphasizes that this only represents a "preliminary peek" at the merits, and that HPE may prevail in its arguments that the Court has personal jurisdiction over both Defendants. *See Calvary Chapel*, 2021 WL 5353883, at *2.

The Court also finds Inspur Group's and Kaytus Singapore's motions can be resolved without additional discovery. HPE has asked for jurisdictional discovery in its opposition to those motions. ECF No. 92 at 30; ECF No. 91 at 19. But that merely shows HPE's recognition that it will not be conducting discovery on other subjects if the Court finds that personal jurisdiction over Inspur Group and Kaytus Singapore is lacking. *See, e.g.*, *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) (staying discovery proceedings generally but permitting jurisdictional discovery). The Court makes no decision now on HPE's request for jurisdictional discovery, which will be determined as part of the Court's resolution of Inspur Group's and Kaytus Singapore's motions to dismiss. For now, however, Inspur Group's and Kaytus Singapore's requests for a stay of discovery are granted.

**IT IS SO ORDERED.**

Dated: October 29, 2024

JON S. TIGAR
United States District Judge

3